UNITED STATES of America, Appellee,

v.

Bobby SMITH, Appellant.

No. 94–4090.

United States Court of Appeals,
Eighth Circuit.

Submitted June 15, 1995.

Decided Aug. 23, 1995.

David R. Stickman, Omaha, NE, argued, for appellant.

Bruce Wellesley Gillan, Lincoln, NE, argued (Thomas J. Managhan as U.S. Atty. for Dist. of Nebraska, on the brief), for appellee.

Before LOKEN, Circuit Judge, LAY, Senior Circuit Judge, and VAN SICKLE,* Senior District Judge.

VAN SICKLE, Senior District Judge.

Bobby Smith (hereinafter "the Defendant") appeals from his convictions in the District Court[1] on charges of conspiracy to distribute cocaine base, distribution of cocaine base, and possession of a cocaine base with the intent to distribute. Smith contends that (1) the District Court erred in its instructions to the jury; (2) his conviction and the forfeiture of his personal property in a separate civil proceeding violates the Double Jeopardy clause of the Fifth Amendment; (3) the search warrants which led to the discovery of evidence used against him at trial were not supported by probable cause; (4) the District Court abused its discretion in admitting various photographs and documents at the trial; and (5), with the suppression of the evidence obtained during the execution of the search warrant and the exclusion of the photographs and documents, the remaining evidence is insufficient to support the convictions. We affirm.

## I. *Facts*

From February until April of 1992, the Defendant sold crack cocaine that was "fronted" to him by his co-defendant at trial, Frank Dean. On October 8, 1992, Mr. Arthur Smith (no relation to the Defendant), while working as an informant with the Drug Enforcement Administration (DEA), bought three ounces of crack from the Defendant with money provided by DEA. Later in October of 1992, near the end of the month, Arthur Smith, again working undercover for the DEA, met with the Defendant in order to pay the Defendant money Arthur Smith owed for the drugs delivered on October 8, 1992. Arthur Smith was wearing a recording device and tape-recorded his meeting with the Defendant. During this meeting, the Defendant told Arthur Smith that he and his uncle had been stopped by the Nebraska Highway Patrol for speeding the previous August while they had one kilogram of crack in the car.

On January 7, 1993, based on the evidence obtained through Arthur Smith, the DEA sought search warrants from Magistrate Judge Kathleen A. Jaudzemis to search 5526 North 50th Street (the Defendant's house) and 2563 Ellison Avenue (his girlfriend's house) in Omaha, Nebraska. DEA agent Michael Schwers used pre-printed application for search warrant forms in applying for these warrants. On each of the pre-printed forms, in the section on the form which reads: "The facts to support a finding of Probable Cause are as follows:" were typed the words: "SEE ATTACHED AFFIDAVIT." Attached to both of the pre-printed forms were ten page affidavits by Agent Schwers. Both of the pre-printed warrant applications were signed by Agent Schwers and Judge Jaudzemis. Additionally, the tenth page of the affidavit attached to the pre-printed application form for the search of 2563 Ellison Avenue was signed by both Agent Schwers and Judge Jaudzemis. However, on the tenth page of the affidavit attached to the pre-printed application form for the search of 5526 North 50th Street, the jurat following the signature of Agent Schwers was *not* signed by the Magistrate Judge.

* The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation.

1. The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.

Both search warrants were served on January 14, 1993. At the Defendant's house at 5526 North 50th Street, the DEA found a safe containing cocaine base, powder cocaine, a scale, and coffee grounds. They also recovered various receipts for merchandise purchased with cash, some in other people's names, and two photo albums containing photographs of the Defendant posing with cars and money. The search of the Defendant's girlfriend's house as 2563 Ellison Avenue produced only one item received into evidence at trial, a photograph of a green Jaguar sports car.

The Defendant's jury trial commenced on March 1, 1994. At trial, the materials recovered in the two searches, along with various other testimony and materials, were admitted into evidence. As noted above, the jury found the Defendant guilty of: (1) conspiracy to distribute cocaine base, (2) distribution of cocaine base, and (3) possession of a cocaine base with the intent to distribute.

## II.  *Issues Not Properly Before This Court*

■ At the outset it should be noted that the Court will not address the merits of two of the issues raised by the Defendant because they were not properly preserved for appeal. The Court will not address the Defendant's claims that the District Court erred in failing to instruct the jury that there could be no conspiracy with a government informer. A review of the transcript of the instruction conference reveals that the Defendant never asked for an instruction on the impossibility of conspiring with a governmental agent, and never objected to the failure of the District Court to give such an instruction. The Eighth Circuit has noted that:

> [t]he failure to make a timely and specific objection to the instructions results in a waiver of objection on appeal [and] the district court can be reversed only for plain error ... [which affected a defendant's] substantial rights resulting in a miscarriage of justice.

*United States v. Watson,* 953 F.2d 406, 409 (8th Cir.1992) (citations omitted). While it is true that the Defendant could not be convicted of conspiring with DEA informant Arthur Smith, his relationship with Frank Dean (his co-defendant who was not a governmental informant) could support his conspiracy conviction on its own. This being the case, the Defendant cannot establish that the District Court's instructions were plainly erroneous and resulted in a miscarriage of justice.

■ Additionally, the Court will not address the merits of the Defendant's claim that obtaining a criminal conviction against him after a separate administrative forfeiture proceeding violates the Double Jeopardy clause of the Fifth Amendment. This issue was not raised to the District Court and cannot properly be considered on this appeal.[2]

## III.  *Sufficiency of the Search Warrants*

■ The Defendant challenges the District Court's finding that the affidavits which supported the search warrants issued for 5526 North 50th Street and 2563 Ellison Avenue established probable cause and justified a denial of the Defendant's motion to suppress. An appellate court reviewing a District Court's denial of his motion to suppress must only ensure that the District Court had a substantial basis for concluding that probable cause existed. *United States v. Sherrell,* 979 F.2d 1315, 1317 (8th Cir.1992). The District Court's disposition of the motion to suppress will be upheld unless it is clearly erroneous. *Id.*

In *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the Supreme Court held that evidence obtained pursuant to a search warrant that was later found to be invalid, would not be excluded where it was demonstrated that the officer who executed the warrant did so with an objectively reasonable good faith reliance on the issuing judicial officer's determination of probable cause. The Defendant argues that this case falls within two of the exceptions to

---

**2.** In support of his Double Jeopardy argument, the Defendant has moved to expand the record to admit a letter from the FBI's Forfeiture and Seized Property Unit as evidence of the preconviction administrative forfeiture proceeding. Given the Court's decision not to reach the merits of this issue, this motion is dismissed as moot.

the "good faith" doctrine that were recognized in *Leon*. First, he claims that the affidavits supporting the warrants contained so few indicia of probable cause "as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923, 104 S.Ct. at 3421. Second, he claims the warrants themselves are so facially defective that no executing officer could reasonably presume them to be valid.

■ The Defendant's first argument is that reliance on the warrants was unreasonable because of Magistrate Judge Jaudzemis's failure to sign the jurat on the affidavit supporting the warrant for 5526 North 50th Street. The Defendant's position is that an affidavit not acknowledged by a judge is no affidavit at all, and therefore the warrant for 5526 North 50th Street was not supported by an affidavit containing sufficient indicia of probable cause.

There can be no contention that any clerical errors made in connection with the search warrant was the fault of Agent Schwers. Agent Schwers properly signed both the pre-printed application for a warrant to search 5526 North 50th Street *and* his affidavit supporting the application. It was Magistrate Judge Jaudzemis who, while properly signing the pre-printed application form, failed to acknowledge Agent Schwers' affidavit. The fact that the error was the fault of the judicial officer and not the police officer is important because of the Supreme Court's holding in *Massachusetts v. Sheppard*, 468 U.S. 981, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984). In *Sheppard*, the Court held:

> In sum, the police conduct in this case clearly was objectively reasonable and largely error-free. An error of constitutional dimensions may have been committed with respect to the issuance of the warrant, but it was the judge, not the police officers, who made the critical mistake. "[T]he exclusionary rule was adopted to deter unlawful searches by police, not to punish the errors of magistrates and judges." *Illinois v. Gates*, 462 U.S. 213, 263, 103 S.Ct. 2317, 2346, 76

L.Ed.2d 527 (1983) (White, J., concurring in judgment). Suppressing evidence because the judge failed to make all the necessary clerical corrections despite his assurances that such changes would be made will not serve the deterrent function that the exclusionary rule was designed to achieve.

468 U.S. at 990–91, 104 S.Ct. at 3429.

Given the inapplicability of the exclusionary rule to clerical mistakes by judges, it cannot be said the affidavit in question is not sufficient merely because it lacks the acknowledgment of the Magistrate Judge. This being the case, and after review of the affidavit, this Court finds that the affidavit in question did contain sufficient indicia of probable cause to support the issuance of a search warrant pursuant to *Leon*.

■ The Defendant's second argument is that the affidavits supporting the warrants for both 5526 North 50th Street and 2563 Ellison Avenue are so facially defective that no police officer could reasonably presume them to be valid. After review of the affidavits this Court rejects this argument. The warrants contain a sufficient recitation of facts so that the police officers who executed these warrants could have, and did, execute them with an objectively reasonable good faith reliance on the probable cause determination of the Magistrate Judge. The execution of the search warrants thereby fall within the "good faith" exception in *Leon*.

For these reasons we find that the District Court's denial of the Defendant's motion to suppress was not clearly erroneous.

IV.  *Admission of Evidence*

■ At trial the government introduced into evidence two photo albums and a number of documents obtained during the search of 5526 North 50th Street.[3] The Defendant objected to the admission of these exhibits on the basis of relevance, prejudice, and on foundational grounds. The District Court received the exhibits over the Defendant's objections, and the Defendant raises this is-

---

**3.** Only one item seized from 2563 Ellison Avenue was admitted into evidence at trial and the De-

fendant did not object to it.

sue on appeal. On appeal from a district court's ruling on the admissibility of evidence, the appellate court must give substantial deference to the district court's decision on admissibility, and will find error only if the district court clearly abused its discretion. *United States v. Johnson,* 28 F.3d 1487, 1500 (8th Cir.1994).

■ The Defendant's first objection is to the admission of two photo albums containing various photographs.[4] The albums were seized from 5526 North 50th Street. They depict, in addition to various "family-type" photos, the Defendant posing with cash or cars. The Defendant analogizes the admission of these photographs to the erroneous admission of similar photos by a district court in *United States v. Hudson,* 843 F.2d 1062 (7th Cir.1988).

In *Hudson,* the Seventh Circuit held that the admission of pictures which showed the defendants "clowning with large amounts of cash in their hands, stuffed in their pants or in their mouths and displayed on a table or in a briefcase" was reversible error. 843 F.2d at 1065. The Seventh Circuit found that these photographs were irrelevant and "could have served no purpose other than to demonstrate to the jury that Hudson and Smith were experienced bank thieves." 843 F.2d at 1066.

The *Hudson* decision is distinguishable from this case. Here the photographs were relevant in that they tended to show that the Defendant lived at the 5526 North 50th Street address. That fact was relevant to the question of possession of the crack cocaine found in the safe at that address. The Government bore the burden of proving beyond a reasonable doubt that the Defendant possessed cocaine base with the intent to distribute some or all of it. During the January 14, 1993 search of 5526 North 50th Street, no cocaine was found on the Defendant's person, but some was found in a safe at that address. Therefore, the government needed to show that the Defendant had both the power and the intention to exercise control over the cocaine. The presence of the

photo albums at 5526 North 50th Street, as well as the substance of the family-type photos therein, tended to prove that the address was the Defendant's home and that, therefore, he had control over its contents, including the cocaine. Given this relevance of the photographs, it cannot be said that the District Court abused its discretion in admitting the photographs.

■ The Defendant's second objection is to the admission of various documents at trial.[5] These documents evidenced that the Defendant purchased goods or paid money for other people or did so using other people's names. The Defendant contends that these documents were not properly authenticated as required by Fed.R.Evid. 901(a) and therefore proper foundation for their admission was lacking.

These documents were, however, circumstantially authenticated pursuant to Fed. R.Evid. 901(b)(4). Rule 901(b)(4) states that various distinctive characteristics such as "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics taken in conjunction with the circumstances" are sufficient to authenticate documents and lay foundation for admission. In this case, the documents were found at 5526 North 50th Street, the Defendant's residence. The contents and substance of the documents tend to show that they are receipts for the purchase of various goods, by or for other people, or receipts for the payment of cash to other people. It is reasonable to assume that the true owner or purchaser of goods would have receipts for those goods, and therefore these facts are enough to authenticate circumstantially these documents pursuant to rule 901(b)(4). Therefore, it cannot be said that the District Court abused its discretion in admitting these documents.

V. *Sufficiency of Evidence*

The Defendant's final argument on appeal is that the suppression of the evidence seized during execution of the search warrant, and the exclusion of the photographs and documents discussed above, result in there being

---

**4.** Exhibits 435 and 436.

**5.** Exhibits 401–403, 405–419, 425–428, 430–434, and 437–451.

insufficient evidence to support his convictions. Since this Court has found that the District Court's decisions not to suppress the evidence discovered during the search, and to admit the photographs and documents were not in error, we do not reach this issue.