No. 95-3975

United States of America,  *
                           *
            Appellee,      *
                           *  Appeal from the United States
       v.                  *  District Court for the
                           *  District of Minnesota.
Courtney Cortese Bolden,   *
                           *
            Appellant.     *

Submitted:  June 11, 1996

Filed:  August 9, 1996

Before BEAM and HEANEY, Circuit Judges, and BOGUE,[*] District Judge.

HEANEY, Circuit Judge.

Courtney Cortese Bolden appeals his jury conviction of aiding and abetting with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Bolden argues that the district court erred by precluding the introduction of evidence that would have supported a coercion instruction. We affirm.

I.

On June 6, 1995, Bolden and co-defendants Stephen Edwards and Lawrence Welch were charged in a two-count indictment. Count I charged each defendant with aiding and abetting the possession with intent to distribute approximately 908 grams of cocaine. Count II

---

[*]The Honorable Andrew B. Bogue, Senior District Judge for the District of South Dakota, sitting by designation.

charged each defendant with conspiracy to possess with intent to distribute and to distribute cocaine.

After his arrest, Bolden told a police officer that he was "getting chump change for transporting dope for two males" who he would not identify because they would kill him if they found out that he snitched on them. After the officer advised Bolden that the police already had Stephen Edwards and a fourth suspect in custody, Bolden responded, "I want to tell you guys everything but they'll kill me, I'm telling you, they'll kill me."

Prior to trial, Bolden moved to suppress his statements. A magistrate judge held a hearing on the motion and recommended that Bolden's suppression motion be denied. The district court adopted the report and recommendation.

Bolden and Edwards were tried together. The government introduced only the portion of Bolden's statement in which Bolden admitted "getting chump change for transporting dope." Bolden sought to introduce the remainder of his statement on the theory that it was substantially exculpatory. The government objected to its admission on the ground that it was not relevant to Bolden's defense. Edwards also objected to the introduction of the entire statement as violative of his Sixth Amendment right to confrontation under Bruton v. United States, 391 U.S. 123 (1968).[1] The trial court ruled that the excluded portion of the statement was not substantially exculpatory to Bolden and permitted the introduction of the redacted statement without the balance of the statement.

---

[1]Under Bruton, admission of a hearsay statement made by a defendant that incriminates and is inadmissible as to a co-defendant violates the Sixth Amendment confrontation right of the co-defendant. 391 U.S. at 126. If an incriminating statement must be admitted because of its exculpatory value to the declarant, the confrontation problem is solved by severance of the co-defendants' trials. United States v. Kaminski 692 F.2d 505, 522 (1982).

2

The jury found Bolden guilty of aiding and abetting the possession with intent to distribute cocaine and acquitted him on the conspiracy charge. Bolden was sentenced to the statutory mandatory minimum of sixty months imprisonment followed by four years of supervised release.

## II.

Bolden contends that the district court erred by denying the introduction of the remainder of his statement. He argues that the later portion of his statement supported a defense of coercion and thus, it should have been admitted as substantially exculpatory. We disagree.

Rule 106 of the Federal Rules of Evidence provides: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Under this rule a defendant may require that her entire confession be introduced if "admission of the statement in its edited form distorts the meaning of the statement or excludes information substantially exculpatory of the declarant." United States v. Long, 900 F.2d 1270, 1279 (8th Cir. 1990) (quoting United States v. Kaminski, 692 F.2d 505, 522 (8th Cir. 1982)). When reviewing evidentiary rulings, this court must give substantial deference to the district court's decisions on admissibility; we will find error only if the district court clearly abused its discretion. See United States v. Smith, 63 F.3d 766, 770 (8th Cir. 1985), cert. denied, 116 S. Ct. 744 (1996).

No part of Bolden's statement suggests that he transported cocaine as a result of coercion. A coercion defense requires both a well-grounded apprehension that immediate death or serious bodily injury will result if the criminal act is not committed and an

inability to escape the death or injury feared or to notify the authorities before carrying out the crime.  <u>United States v. Logan</u>, 49 F.3d 352, 359 (8th Cir. 1995).  Bolden's expressed fear of "snitching" in the second part of his statement does not relate to any hesitancy on his part to commit a criminal act, but rather only to his fear of cooperating with law enforcement.  In fact, the portion of his statement introduced by the government reveals his actual motivation for his criminal activity:  Bolden transported the drugs in exchange for money, albeit for an amount that he later felt had not made the risk worthwhile.

The admission of Bolden's redacted statement did not exclude information that was substantially exculpatory, and the district court did not abuse its discretion by admitting only the redacted statement. Accordingly, we affirm Bolden's conviction.

A true copy.

Attest:


CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

4