NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2003
_____

UNITED STATES OF AMERICA

v.

ANTHONY BROOKINS,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-08-cr-00166-001)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 5, 2011

Before:  AMBRO and FISHER, *Circuit Judges*, and SÁNCHEZ,[*] *District Judge.*

(Filed: January 24, 2011)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

_____

[*]The Honorable Juan R. Sánchez, District Judge for the United States District
Court for the Eastern District of Pennsylvania, sitting by designation.

Anthony Brookins was convicted of one count of possession of ammunition by a convicted felon and one count of possession with intent to distribute fifty grams or more of a substance which contains cocaine base. For the reasons stated below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On February 7, 2007, Detective Conor Mullen was working with the Allegheny County District Attorney's Violent Crime and Firearms Task Force ("VCFTF") in Braddock, Pennsylvania and engaged a confidential informant ("CI") to purchase drugs from Brookins. Detective Mullen observed as the CI walked up to 515 Center Street and Brookins answered the door. The CI returned to the car and handed Detective Mullen a package of crack cocaine. That same evening, Detective Mullen completed an application for a search warrant of 515 Center Street and an affidavit of probable cause. A magistrate judge signed the application and the first page of the affidavit, but did not sign the last page of the affidavit. After obtaining the warrant, a VCFTF officer knocked on the door and announced that they had a search warrant. When no one answered, the officers forcibly entered the house. In the master bedroom, officers found Dolores Woods, Brookins's live-in girlfriend at the time, as well as crack cocaine, plastic baggies, a scale, cash, ammunition, an Iver Johnson Smith & Wesson revolver, and documents addressed to Brookins at 515 Center Street.

2

On October 22, 2008, Brookins was charged in the United States District Court for the Western District of Pennsylvania with one count of possession of ammunition by a convicted felon violation of 18 U.S.C. § 922(g)(1) ("Count 1") and one count of possession with intent to distribute fifty grams or more of a substance which contains cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) ("Count 2").[1] Brookins unsuccessfully moved to suppress the evidence obtained from the search. A jury convicted Brookins on both counts. The presentence investigation report ("PSR") recommended a base offense level of thirty and a two point enhancement for use of the revolver, yielding a total offense level of thirty-two. The PSR ultimately concluded and the District Court agreed, however, that Brookins was a career offender. As such, Brookins's total offense level was thirty-seven with a criminal history category of VI. The guideline range for both counts was 360 months to life imprisonment. The District Court sentenced Brookins to 120 months' imprisonment for Count 1 and 240 months' imprisonment for Count 2, to be served concurrently. Brookins timely appealed.

II.

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review of the District Court's denial of a motion to suppress." *United States v. Vosburgh*, 602 F.3d 512, 526 (3d Cir. 2010). We review sentences for both procedural and substantive

---

[1] 28 U.S.C. § 841(b)(1)(A)(iii) was amended pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, effective August 3, 2010, to replace fifty grams with 280 grams of a mixture or substance which contains cocaine base.

reasonableness under an abuse of discretion standard. *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008). We must uphold a conviction if the verdict was supported by substantial evidence. *United States v. McKee*, 506 F.3d 225, 232 (3d Cir. 2007).

III.

On appeal, Brookins advances several arguments, namely, that (1) the District Court erred by not suppressing the evidence seized, (2) the government withheld impeachment evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), (3) the District Court failed to consider various mitigating factors in imposing the sentence, (4) the District Court erred in finding that the revolver was a dangerous weapon, and (5) the government engaged in selective prosecution and prosecutorial misconduct.

First, Brookins argues that the District Court erred in denying his motion to suppress because the warrant lacked probable cause and suffered from technical defects. The magistrate's role is to "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). We consider "whether the magistrate who issued the warrant had a substantial basis for determining that probable cause existed." *Vosburgh*, 602 F.3d at 526 (internal quotations and citations omitted). Brookins's argument that the CI's statements were uncorroborated, thus rendering the warrant lacking in probable cause, is misplaced. The affidavit of probable cause was based on Detective Mullen engaging the CI to complete a controlled buy from Brookins. A controlled purchase is

4

distinct from an informant's unverified tip. *See United States v. Burton*, 288 F.3d 91, 98-99 (3d Cir. 2002). The CI's participation provided the magistrate with a "substantial basis for determining that probable cause existed." *Vosburgh*, 602 F.3d at 526.

Brookins also argues that Detective Mullen misled the magistrate judge in stating that Brookins lived at 515 Center Street in violation of *Franks v. Delaware*, 438 U.S. 154 (1978). Brookins must demonstrate "(1) that the police officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant and (2) that such statements or omissions are material, or necessary, to the finding of probable cause." *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000) (internal quotations and citations omitted). Brookins cannot make either showing. Detective Mullen described the CI's purchase of crack cocaine from Brookins at 515 Center Street. "[S]earch warrants are directed, not at persons, but at property where there is probable cause to believe that instrumentalities or evidence of a crime will be found." *United States v. Jones*, 994 F.2d 1051, 1055 (3d Cir. 1993) (internal quotations and citations omitted). Thus, where Brookins was living was not the "kind of thing the judge would want to know" and was not "material, or necessary, to the finding of probable cause" *Wilson*, 212 F.3d at 786-87, because the affidavit established probable cause to believe that illegal activity was occurring at 515 Center Street.

Next, Brookins asserts that the warrant suffered from a host of technical defects in violation of the Pennsylvania Rules of Criminal Procedure. He claims that the evidence obtained from the search should have been suppressed because the magistrate failed to

sign the second page of the affidavit and because VCFTF officers did not knock and announce prior to executing the warrant, did not provide a copy of the warrant, did not file the warrant, and did not provide a return of inventory form. A technical violation of a state procedural rule does not automatically rise to the level of a Fourth Amendment violation requiring suppression of the evidence seized. *See Virginia v. Moore*, 553 U.S. 164, 173 (2008). Rather, Brookins must demonstrate that the technical violations amounted to a constitutional deprivation; mere conclusory allegations are insufficient. *See United States v. Voight*, 89 F.3d 1050, 1071 n.10 (3d Cir. 1996).

A magistrate's failure to sign a warrant affidavit does not require suppression of the evidence. *See United States v. Smith*, 63 F.3d 766, 769 (3d Cir. 1995). Detective Mullen testified at trial that VCFTF officers knocked on the door at 515 Center Street and yelled their intention to execute a warrant. Brookins offered no evidence to contradict this testimony and cannot demonstrate a violation of the Fourth Amendment. Further, Detective Mullen testified that he showed a copy of the search warrant to Brookins and left a copy of the warrant on the kitchen table at 515 Center Street. Leaving a copy on the kitchen table, when Brookins and Woods were in handcuffs, effectively complies with the rule requiring that a warrant be left with the person from whom property was taken. *See* Pa. R. Crim. P. 208. Even if it did not, Brookins offers no support for his claim that he suffered prejudice and thus cannot demonstrate a Fourth Amendment violation. *See Voight*, 89 F.3d at 1071 n.10. As to the failure to file the search warrant, Detective Mullen admitted that he did not do so, but Brookins still obtained a copy.

6

Brookins's claim that he suffered prejudice, without demonstrating what prejudice actually resulted in a Fourth Amendment violation, is insufficient to establish that the evidence should have been suppressed. *See id.* Finally, Detective Mullen testified that another officer filed a return of inventory form. Brookins offered no evidence to rebut this testimony and fails to demonstrate a Fourth Amendment violation.

Second, Brookins asserts that the government withheld an affidavit by Detective Mullen and evidence that could have been be used to impeach Woods's trial testimony. To establish a violation under *Brady*, "a defendant must show that: (1) evidence was suppressed; (2) the suppressed evidence was favorable to the defense; and (3) the suppressed evidence was material either to guilt or to punishment." *United States v. Pelullo*, 399 F.3d 197, 209 (3d Cir. 2005) (internal quotations and citations omitted). The proper manner to raise a *Brady* claim is through a motion for a new trial in the district court pursuant to Federal Rule of Criminal Procedure 33. *See*, *e.g.*, *United States v. Rice*, 607 F.3d 133, 142 (5th Cir. 2010); *United States v. Chorney*, 63 F.3d 78, 80 (1st Cir. 1995). Brookins has not done so. We are unable to determine whether evidence relevant to impeach Woods's testimony was suppressed and whether it was material to guilt or punishment because "*Brady* claims . . . present fact-based judgments that cannot be adequately first made on appellate review." *Rice*, 607 F.3d at 142 (internal quotations and citations omitted). As to the affidavit of Detective Mullen, Brookins's *Brady* claim fails. The government produced the affidavit at trial and Brookins's counsel was given the opportunity to cross-examine Detective Mullen on its contents. Thus, the affidavit

was not improperly suppressed because it was "disclosed in time for its effective use at trial." *United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983).

Third, Brookins maintains that the District Court failed to consider various mitigating factors under § 3553(a). The District Court correctly determined that Brookins was a career offender. *See* U.S.S.G. § 4B1.1(a). The District Court addressed each of the § 3553(a) factors, considered Brookins's difficult childhood, and explained why the sentence was appropriate. Having determined that the District Court committed no procedural error and gave "meaningful consideration" to the § 3553(a) factors, the sentence was reasonable. *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007).

Fourth, Brookins claims that the revolver discovered as a result of the search was not a "dangerous weapon" because it is an antique and the District Court thereby erred in imposing a two-level enhancement. If a defendant is convicted under 21 U.S.C. § 841(b)(1)(A)(iii), a district court must increase the offense level by two if the defendant also possessed a dangerous weapon (including a firearm). *See* U.S.S.G. § 2D1.1(b)(1). A "dangerous weapon" is "(i) an instrument capable of inflicting death or serious bodily injury . . . ." U.S.S.G. § 1B1.1 cmt. n.1(D). An antique revolver qualifies as a dangerous weapon for purposes of the enhancement even though it would not be considered a firearm under the substantive offense set forth in 18 U.S.C. § 921(a)(3). *See*, *e.g.*, *United States v. Kirvan*, 86 F.3d 309, 316 (2d Cir. 1996); *United States v. Cotton*, 22 F.3d 182, 185 (8th Cir. 1994). The loaded revolver was found in the master bedroom and was fully operational. As such, the revolver was capable of inflicting death or serious injury, and it

8

was not "clearly improbable" that the weapon was connected with Brookins's drug trafficking. *See* U.S.S.G. §§ 1B1.1 cmt. n.1(D); 2D1.1 cmt. n.3.[2]

Finally, Brookins argues that he was the victim of selective prosecution and prosecutorial misconduct. "The question of discriminatory prosecution" relates "to a constitutional defect in the institution of the prosecution." *United States v. Berrigan*, 482 F.2d 171, 175 (3d Cir. 1973). A motion alleging a defect in institution of the prosecution must be raised before trial. *See* Fed. R. Crim. P. 12(b)(3)(A). Because Brookins never raised his selective prosecution argument prior to trial, he may not advance it here. As to his second argument, Brookins appears to confuse prosecutorial misconduct with sufficiency of the evidence. Reviewing the evidence in the light most favorable to the government, the jury's verdict convicting Brookins on both counts was supported by substantial evidence. *See McKee*, 506 F.3d at 232.

IV.

For the foregoing reasons, we will affirm the sentence of the District Court.

---

[2] Notwithstanding Brookins's argument on this point, the District Court properly classified him as a career offender. Pursuant to U.S.S.G. § 4B1.1, the District Court was required to apply an offense level of thirty-seven. Thus, the fact that the District Court first applied a two-point enhancement in arriving at an initial offense level of thirty-two was irrelevant. The enhancement ultimately did not factor into the total offense level and did not have any bearing on Brookins's sentence.