# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2410

_____

United States of America

*Plaintiff - Appellee*

v.

Marcus Allen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: July 7, 2016
Filed: July 12, 2016 (Corrected July 12, 2016)
[Unpublished]

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury found Marcus Allen guilty of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g), 924(e); possessing with intent to distribute cocaine, crack cocaine, and methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(C); and possessing a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A). The

District Court[1] sentenced Allen to a total of 360 months in prison and 6 years of supervised release. In this appeal, Allen challenges the denial of his motion to suppress evidence seized from his residence, the denial of a hearing under Franks v. Delaware, 438 U.S. 154 (1978), and the exclusion of the search-warrant application from evidence at trial.

We find no error in the District Court's denial of Allen's motion to suppress. The law-enforcement official's warrant affidavit consisted of detailed and corroborated information from a confidential source. The sworn affidavit provided a substantial basis for finding probable cause—"a fair probability that contraband or evidence of a crime" would be found at the residential address. Illinois v. Gates, 462 U.S. 213, 238 (1983). And contrary to Allen's arguments, the Magistrate Judge's failure to sign the jurat on the warrant application did not render the warrant defective—much less so defective that no police officer could reasonably have presumed the warrant was valid—given that the attesting law-enforcement officer was sworn and signed both the application and the affidavit in the presence of the Magistrate Judge, who also signed the attached supporting affidavit. See United States v. Smith, 63 F.3d 766, 769 (8th Cir. 1995), cert. denied, 516 U.S. 1063 (1996). In addition, a date error in the warrant affidavit was an inconsequential typographical error, and the file-stamp date of the warrant (a day after its actual execution) did not compromise the probable-cause finding. See United States v. Solomon, 432 F.3d 824, 829 (8th Cir. 2005); see also United States v. Waker, 534 F.3d 168, 171 (2nd Cir. 2008) (per curiam) (explaining that the dating errors in an officer's affidavit and warrant "were harmless because each document in which they occurred contained accurate information from which one could easily establish the intended dates").

---

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

Further, Allen failed to make a substantial showing sufficient to justify a Franks hearing, given the absence of any evidence of deliberate falsehoods or a reckless disregard for the truth that would invalidate the search warrant. See United States v. Lucca, 377 F.3d 927, 931 (8th Cir. 2004). Finally, we find no abuse of discretion in the District Court's challenged evidentiary ruling. See United States v. Espinoza, 684 F.3d 766, 778 (8th Cir.) (standard of review), cert. denied, 133 S. Ct. 589 (2012).

We affirm the judgment of the District Court and deny Allen's pending motions.

_____