# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3660
_____

United States of America

*Plaintiff - Appellee*

v.

Rusty James Driscoll

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Southern
_____

Submitted: October 23, 2024
Filed: December 17, 2024
_____

Before GRUENDER, BENTON, and KOBES, Circuit Judges.
_____

BENTON, Circuit Judge.

A jury convicted Rusty J. Driscoll of one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court[1] sentenced him to 540 months. Driscoll appeals the conviction and sentence,

_____

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

challenging his restricted access to discovery, the admission of some photos at trial, and the reasonableness of his sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Before trial, Driscoll's counsel stipulated to entry of the District of South Dakota's standard discovery order restricting dissemination of discovery materials. *See* https://www.sdd.uscourts.gov/sites/sdd/files/LR%2016.1%20DISCOVERY_0.pdf (Local Rule 16.1, incorporating former Standing Order 19-03). *See also* https://www.sdd.uscourts.gov/sites/sdd/files/LR%2057.10%20ACCESS%20TO%20CRIMINAL%20DOCUMENTS_0.pdf (Local Rule 57.10, incorporating former Amended Standing Order 16-04). Driscoll moved twice for personal access to discovery materials. Both motions were denied.

Driscoll argues he showed good cause for relief from the standard discovery order. "A district court has broad discretion with respect to discovery motions, and we will uphold the decision of the district court unless, considering all the circumstances, its rulings are seen to be a gross abuse of discretion resulting in fundamental unfairness at trial." ***United States v. Hoeffener***, 950 F.3d 1037, 1043 (8th Cir. 2020) (internal quotation marks omitted). Federal Rule of Criminal Procedure 16(d)(1) "requires only 'good cause' to modify or restrict discovery." ***United States v. Ladeaux***, 61 F.4th 582, 585 (8th Cir. 2023), *quoting* **Fed. R. Crim. P. 16(d)(1)** ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."). The good cause requirement does "not mandate an individualized inquiry" but "an individualized inquiry assists a court in analyzing whether the moving party has met its burden of proof." ***Id.*** at 585–86.

Local Rule 16.1 "restricts dissemination of discovery materials and precludes defense counsel from giving discovery materials to the defendant without the court's express permission." **Local Rule 16.1**. *See also* **Local Rule 57.10** (restricting

"access to certain criminal documents"). This court held in *Ladeaux* that the "general purpose" of South Dakota's standard discovery order "satisfies Rule 16(d)'s good-cause requirement." ***Ladeaux***, 61 F.4th at 586, *discussing* **Local Rule 57.10(A)** (limiting discovery access "[i]n order to protect the safety of federal defendants and the integrity of ongoing investigations and related prosecutions").

The magistrate judge here conducted an individualized inquiry emphasizing: the parties' voluntary stipulation; the "not . . . above average amount of discovery" in the case; Driscoll's review of "all of his discovery twice" with counsel; his "own disruptive behavior" causing his relocation to a facility hours away; and his imminent transfer to a nearer facility. Most importantly, a cooperating co-defendant had testified that Driscoll shared information from a proffer report, demonstrating the good cause required. The district court properly concluded that Driscoll had not shown good cause for exemption from the discovery order.[2]

## II.

Driscoll challenges the admission of photos of items found during a search—a backpack, cash, and a letter addressed to Driscoll. DEA Agent Jason Dziedzic had taken photos of the items after another DEA agent had discovered them. At trial, Agent Dziedzic testified that the photos accurately depicted the items. This court "must give substantial deference to the district court's decision on admissibility, and will find error only if the district court clearly abused its discretion." ***United States v. Smith***, 63 F.3d 766, 770 (8th Cir. 1995).

---

[2]This court reiterates its Sixth Amendment concerns about the District of South Dakota's standard discovery order. *See **United States v. Ladeaux***, 61 F.4th 582, 586 n. 4 (8th Cir. 2023) ("A criminal defendant has a constitutional right to conduct his own defense. . . . Conducting a defense necessitates adequate time and resources to prepare for trial. . . . Denying a self-represented criminal defendant the ability to prepare for trial can effectively abrogate his constitutional right to self-representation." (internal citations and quotation marks omitted)). These concerns need not be examined here because the district court had good cause to restrict Driscoll's access to discovery.

Driscoll disputes the items' authenticity. Specifically, he argues Agent Dziedzic lacked personal knowledge because he was not the agent who discovered them. "Authentication is satisfied by 'evidence sufficient to support a finding that the item is what the proponent claims.'" *United States v. Needham*, 852 F.3d 830, 836 (8th Cir. 2017), *quoting* **Fed R. Evid. 901(a)**. "The party authenticating the exhibit need only prove a rational basis for that party's claim that the document is what it is asserted to be. This may be done with circumstantial evidence." *Id.* (internal quotations omitted). *See also* **Smith**, 63 F.3d at 770 (admitting "circumstantially authenticated" documents found at defendant's residence). Agent Dziedzic's participation in the search and personal knowledge that the items were seen in the apartment are sufficient to circumstantially authenticate the items; no rule requires him to have found the items first. Because Driscoll's challenge does not raise a genuine question about the items' authenticity, the photos are admissible duplicates. *See* **Fed. R. Evid. 1003** ("A duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate.").

Driscoll argues that the photo of the letter addressed to Driscoll violates the best evidence rule. *See* **Fed. R. Evid. 1002** ("An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."). The advisory committee notes to Rule 1002 explain that when a witness identifies a photo "as a correct representation of events which he saw or of a scene with which he is familiar," "he adopts the picture as his testimony . . . . Under these circumstances, no effort is made to prove the contents of the picture, and the rule is inapplicable." **Fed. R. Evid. 1002, Advisory Committee Notes**. The best evidence rule does not apply here because Agent Dziedzic adopted the photo as his testimony.

Driscoll objects to Agent Dziedzic's testimony as unfairly prejudicial for its implication that the items belonged to Driscoll. *See* **Fed. R. Evid. 403** ("The court may exclude relevant evidence if its probative value is substantially outweighed by

a danger of . . . unfair prejudice . . . .”). But Agent Dziedzic never testified they belonged to Driscoll. The district court did not abuse its substantial discretion when concluding that Driscoll's concerns went to the weight of the evidence, not its admissibility.

## III.

Driscoll asserts his sentence is unreasonable because of disparities between his and his co-conspirators' sentences. This court considers the substantive reasonableness of a sentence under "a deferential abuse-of-discretion standard." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc), *quoting Gall v. United States*, 552 U.S. 38, 41 (2007). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Id.* at 464, *quoting United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008). "Where a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Deering*, 762 F.3d 783, 787 (8th Cir. 2014) (cleaned up).

"The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *Id.* Weighing the § 3553(a) factors, district courts consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" **18 U.S.C. § 3553(a)(6)**. Because "the statutory direction to avoid unwarranted sentence disparities . . . refers to *national* disparities, not differences among co-conspirators," there is "no principled basis for an appellate court to say which defendant received the 'appropriate' sentence." *United States v. Baez*, 983 F.3d 1029, 1044 (8th Cir. 2020). "In any event, disparate sentences among *dis*similar defendants are not unwarranted." *United States v. Fry*, 792 F.3d 884, 893 (8th Cir. 2015) (holding "differential treatment" was "justified" where co-conspirators pled guilty and accepted responsibility).

-5-

The district court found Driscoll had a total offense level of 43 and a criminal history category of III, resulting in a range of life. It sentenced him to 540 months—below the advisory guidelines range. His co-conspirators Sean R. Gross and Chrisopher M. Daniels received shorter sentences—320 and 360 months, respectively. Driscoll's criminal history category and offense level were higher than Gross's (though the same as Daniels's). Unlike co-conspirators Daniels and Gross, Driscoll did not plead guilty or accept responsibility. Based on evidence that Driscoll was responsible for sourcing the drugs, the court found Driscoll was the head of the conspiracy. Due to the dissimilarities between Driscoll and his co-conspirators, his disparate sentence was not unwarranted. The district court did not abuse its discretion by imposing a sentence below the guidelines range.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____