# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2812

_____

United States of America,          *
                                   *
          Plaintiff - Appellee,    *
                                   *     Appeal from the United States
v.                                 *     District Court for the
                                   *     District of Minnesota.
Alvin Bernell Moore,               *
                                   *     **[TO BE PUBLISHED]**
          Defendant - Appellant.   *

_____

Submitted:  May 15, 2009
Filed:  September 11, 2009

_____

Before LOKEN, Chief Judge, EBEL[*] and CLEVENGER,[**] Circuit Judges.

_____

PER CURIAM.

Alvin Moore pleaded guilty to conspiracy to obtain money and property by fraud in violation of 18 U.S.C. § 371 and aggravated identity theft in violation of 18 U.S.C. § 1028A.  Due to a four-offense-level increase because he caused fraud loss of approximately $21,000, and his astonishing thirty-four criminal history points, the

---

[*]The HONORABLE DAVID M. EBEL, United States Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

[**]The HONORABLE RAYMOND C. CLEVENGER, III, United States Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

parties agreed that Moore's advisory guidelines range for the conspiracy count was 18 to 24 months. The aggravated identity theft count required a mandatory two-year consecutive sentence, resulting in a cumulative advisory range of 42 to 48 months in prison, which Moore concedes was correctly determined. The government filed a substantial assistance motion under 18 U.S.C. § 3553(e), relating to the mandatory two-year sentence, and U.S.S.G. § 5K1.1, relating to the conspiracy count. The government recommended a downward departure to a sentence of 14 months for the conspiracy count plus 20 months for the aggravated identity theft count. The district court[1] granted the substantial assistance motion and sentenced Moore to 12 months on the conspiracy count and 18 months on the aggravated identity theft count, for a total of 30 months in prison. Moore appeals the sentence. We affirm.

On appeal, Moore argues that a further downward departure was warranted (i) to avoid unwarranted sentencing disparity with five of his ten conspirators who received sentences of no prison term or time served, and (ii) to adequately consider his post-offense conduct and rehabilitation. These contentions overlook the limited nature of our appellate review of sentences under Gall v. United States, 128 S. Ct. 586, 597 (2007). First, the district court could only consider the value of Moore's substantial assistance in reducing his mandatory two-year sentence for aggravated identity theft based on the government's § 3553(e) motion. See United States v. Burns, No. 04-2901, 2009 WL 2525585, at *6 (8th Cir. Aug. 20, 2009) (en banc). As Moore does not challenge the district court's evaluation of his substantial assistance on appeal, the court's 18-month consecutive sentence for the aggravated identity theft count must be affirmed.

Second, the district court's downward departure on the conspiracy count, based on the government's § 5K1.1 substantial assistance motion, likewise "can be based

---

[1]The HONORABLE PAUL A. MAGNUSON, United States District Judge for the District of Minnesota.

only on assistance-related considerations." United States v. Plaza, 471 F.3d 928, 930 (8th Cir. 2006) (quotation omitted). Having granted an assistance-based departure, the court had authority to grant an additional downward departure under Part 5K2 of the advisory guidelines. But Moore did not file a motion for such a departure nor request a departure orally at the sentencing hearing. Thus, even if an incorrect application of the Guidelines' departure provisions can be a procedural error under Gall, 128 S. Ct. at 597, the district court committed no such error here. It properly applied § 5K1.1, the only departure provision at issue.

The district court also had authority under Gall to vary downward from the advisory guidelines range for the conspiracy count, as adjusted by the § 5K1.1 departure. We review the resulting sentence, with or without such a variance, for substantive reasonableness. But here, Moore does not argue that his 12-month sentence on this count was substantively unreasonable, so the sentence must be affirmed. Moreover, we note (i) that Moore made no showing that he was similarly situated for sentencing purposes to the five other conspirators, see United States v. Watson, 480 F.3d 1175, 1178 (8th Cir. ) (sentence disparity resulting from legitimate distinctions is not unreasonable), cert. denied, 128 S. Ct. 305 (2007),[2] and (ii) where a district court has sentenced a defendant below the advisory guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further," United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009).

The judgment of the district court is affirmed.

_____

[2]The limited comparative record suggests that Moore's extensive criminal history was far worse than conspirators who did not receive prison terms, and that he played a more significant role in the conspiracy. The same district judge sentenced all the conspirators and was in the best position to weigh relative disparities.