# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2935

_____

United States of America,                    *
                                             *
            Appellee,                         *
                                             *   Appeal from the United States
      v.                                      *   District Court for the District
                                             *   of Nebraska.
Martin Marquez,                               *
                                             *   [UNPUBLISHED]
            Appellant.                        *

_____

Submitted: March 8, 2010
Filed: June 2, 2010

_____

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Martin Marquez was convicted by a jury of conspiracy to distribute 50 grams or more of methamphetamine, and sentenced to 119 months imprisonment. He appeals, arguing that the evidence was insufficient to support his conviction and that his sentence was unreasonable. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, this court affirms.

Marquez's conviction was based largely on the testimony of those he sold meth to. He attacks their credibility on appeal. Carolyn Russell and Robert Morimoto (girlfriend and boyfriend) were his co-conspirators to distribute meth. Both agreed to cooperate, testifying that they initially purchased meth from Marquez in "teeners

and eightballs" (1.75 grams and 3.5 grams, respectively). Russell and Morimoto then began buying larger amounts, half-ounces (14 grams), of meth from Marquez for $750. The largest amount they purchased was an ounce (28 grams). Morimoto estimated that he purchased, in total, about 3 ounces (84 grams) of meth from Marquez. Russell and Morimoto also introduced Marquez to the other cooperating witnesses, with Russell sometimes driving Marquez to their house to sell them meth.

Rose Daggett testified against Marquez with a cooperation agreement. She started out getting eightballs, but moved up to getting half-ounces and ounces from Marquez. Daggett estimated that in total, she purchased 12 to 15 ounces (336-420 grams) from Marquez. Daggett also showed law enforcement a text message from Marquez asking if she still wanted "pizza," which she said was code for meth.

Lewis Ellis testified against Marquez with a nonprosecution agreement. He was introduced to Marquez by Russell and Morimoto, and started out buying quarter-ounces or half-ounces from Marquez two to three times a week. The quantity then increased to one ounce to two ounces each time, for about two to three months.

Marquez argues that the evidence is not sufficient to enable a reasonable jury to conclude that each element was proved beyond a reasonable doubt. He asserts that the testimony of Russell, Morimoto, Daggett, and Ellis is not credible because they benefitted from cooperating with the government, and made inconsistent statements.

"We review de novo whether the evidence presented at trial was sufficient to support the verdict, viewing the evidence in the light most favorable to the verdict and giving it the benefit of all reasonable inferences." *United States v. Pruneda*, 518 F.3d 597, 605 (8th Cir. 2008). "We do not weigh the evidence or assess witness credibility, and we reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Id.* Here, the evidence included testimony that Marquez worked with Russell and Morimoto to sell meth, totaling well over 50 grams. The

jury found this testimony credible, and that determination is not ours to dispute. *See United States v. Ziesman*, 409 F.3d 941, 948 (8th Cir.2005) (witness credibility is "virtually unreviewable on appeal" (internal quotation omitted)).

Marquez also argues that his 119-month sentence is greater than necessary to promote the goals of 18 U.S.C. § 3553(a), and is therefore unreasonable. He contends that because he had no prior convictions for serious violent crimes and "could not have been a significant player in the drug distribution industry," he should not have been sentenced to more than the mandatory minimum of 60 months.

The district court[1] found Marquez responsible for at least 350 grams but less than 500 grams of methamphetamine, for a Base Offense Level of 30. His prior criminal convictions resulted in two criminal history points, and the district court added two criminal history points pursuant to U.S. Sentencing Guideline § 4A1.19(d) because he committed the instant offense while under a violation warrant. Marquez thus had four criminal history points, and a total offense level of 30, making his Guidelines range 121 to 151 months of incarceration. The district court, after considering Marquez's two-month immigration detention, imposed a sentence of 119 months.

"We review a sentence for reasonableness in light of the factors in 18 U.S.C. § 3553(a), and we reverse only if the district court abused its discretion." *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 49-51 (2007)). "On appeal, we may presume a sentence within the properly calculated guidelines range is reasonable." *Id.* (citing *Rita v. United States*, 551 U.S. 338 (2007)). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." ***Id.***

Here, the district court did not abuse its discretion in sentencing Marquez to 119 months imprisonment, where the guidelines range was 121 to 151 months. It properly considered all the § 3553(a) factors, and determined that a sentence of 119 months is sufficient but not greater than necessary to achieve the purposes of § 3553(a). The district court did vary downward two months from the bottom of the range. *See **United States v. Moore***, 581 F.3d 681, 684 (8th Cir. 2009) ("where a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further" (internal quotation marks omitted)). The district court heard Marquez's arguments, noting that most people with his criminal history category have more serious criminal histories than his. When a court is aware of a defendant's sentencing arguments, it does not abuse its discretion by rejecting those arguments. ***United States v. Roberson***, 517 F.3d 990, 995 (8th Cir. 2008). *See also **United States v. Phelps***, 536 F.3d 862, 867 (8th Cir. 2008) (holding that the district court did not err when it listened to the defendant's arguments, but found them insufficient to warrant a lower sentence).

The judgment of the district court is affirmed.

_____