# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1252

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Cesar Frausto-Carlos, also known as | * | District of Minnesota. |
| Mark Anthony Leal, also known as | * | |
| Cesar Frausto Carlos, also known as | * | |
| Cesar Eduardo Frausto-Carlos, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: October 18, 2010
Filed: October 21, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Cesar Frausto-Carlos pled guilty to a charge of reentering the United States illegally after removal, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The district court[1] sentenced him to 60 months imprisonment which represented a 17 month downward variance from his advisory guideline range. Frausto-Carlos appeals,

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

arguing that his sentence was substantively unreasonable and failed to account adequately for his personal history and characteristics. We affirm.

Frausto-Carlos, a native and citizen of Mexico, was convicted in state court of third degree assault in 2006 for striking his girlfriend on the head with a hammer. He admits that that offense was an aggravated felony. After serving a prison sentence he was deported to Mexico on January 30, 2008. He later reentered the United States without permission and was apprehended in Minnesota on August 19 of the same year. He was indicted for illegal reentry after removal, entered into a plea agreement with the government, and pled guilty.

At the sentencing hearing the district court adopted the guideline calculations in the presentence investigation report with an offense level of 21 and criminal history category VI, yielding an advisory sentencing range of 77 to 96 months. Frausto-Carlos sought a downward variance to 36 months imprisonment, raising mitigating factors such as his troubled and impoverished childhood, his devotion to his family, and his addiction to methamphetamine. He contended that his addiction had caused him to commit the state assault offense as well as two fifth degree felony convictions for drug possession.

In considering appellant's personal history and characteristics, the district court was troubled by his criminal history:

> [Y]ou've come here illegally twice. I'm sure it was made clear to you at the time of your previous deportation that you couldn't be here. Using the false name that you did for a number of years is strong evidence of the fact that you knew you shouldn't be in this country and while here you amassed a serious criminal history, including some quite serious offenses. . . . I'm particularly bothered by some of the underlying conduct.
>
> Though I do understand . . . that you're a meth[amphetamine] addict . . . . [I]t's not a surprise or revelation to me that you've picked up

quite a criminal record while you've been in the United States and addicted to methamphetamine. I do wish [that] there were a system to get you a better form of treatment.

Concluding that a downward variance from the 77 to 96 month advisory range was warranted, the district court imposed 60 months imprisonment.

We review the sentence imposed by the district court under a deferential abuse of discretion standard. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). We first look at whether the district court committed a significant procedural error, such as "'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" Id. (quoting Gall v. United States, 128 S. Ct. 586, 597–98 (2007)). In the absence of significant procedural error, we must then consider whether the district court abused its discretion by imposing a substantively unreasonable sentence. Id.

Frausto-Carlos does not complain of procedural error, but he contends that the district court imposed a substantively unreasonable sentence that is "greater than necessary," see § 3553(a), because it fails adequately to account for his personal history and characteristics. Nevertheless, the court expressly considered the allegedly mitigating circumstances pressed by Frausto-Carlos before balancing them against its concerns about his "serious criminal history." The court then settled on a 17 month downward variance. "In these circumstances, it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009) (affirming 12 month downward variance); see also United States v. Moore, 581 F.3d 681, 684 (8th Cir. 2009) (same); United States v. Curry, 536 F.3d 571 (6th Cir. 2008) (affirming 84 month downward variance on similar grounds). Under all the circumstances we conclude that the district court did not abuse its discretion.

Accordingly, the judgment of the district court is affirmed.

_____