# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3838

_____

United States of America

*Appellee*

v.

Michael James Sheets

*Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri

_____

Submitted: June 10, 2013
Filed: June 14, 2013
[Unpublished]

_____

Before GRUENDER, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Michael Sheets pleaded guilty to receiving child pornography over the Internet, *see* 18 U.S.C. § 2252(a)(2), distributing child pornography over the Internet, *see id.*, and possessing child pornography, *see* 18 U.S.C. § 2252(a)(4), the district

court[1] imposed sentence. In calculating his sentencing guideline range, the court added several enhancements to Mr. Sheets's base offense level, including one for possessing 600 or more pornographic images, *see* U.S.S.G. § 2G2.2(b)(7)(D). Though the court arrived at a guideline range of 210 months to 240 months, a calculation not challenged here, it sentenced Mr. Sheets to 145 months' incarceration. Mr. Sheets appeals, asserting that the enhancement for possessing 600 or more images is unconstitutional. He also contends that his sentence was unreasonable because it was "framed" around a guidelines range inflated by an unconstitutional enhancement and was unwarranted by the sentencing factors set forth in 18 U.S.C. § 3553(a).

Mr. Sheets's main argument on appeal is that the sentencing enhancement for possessing 600 or more images, *see* § 2G2.2(b)(7)(D), was included in the guidelines in violation of the separation-of-powers doctrine because it was promulgated by Congress rather than the Sentencing Commission, *see* PROTECT Act, Pub. L. No. 108-21, § 401(i)(1)(C), 117 Stat. 650 (2003). He contends that the holding in *United States v. Mistretta*, 488 U.S. 361 (1989), suggests that the guidelines were constitutional only because the Sentencing Commission, rather than Congress, produced them. Since we have already rejected this exact argument, *see United States v. Bastian*, 603 F. 3d. 460, 464-65 (8th Cir. 2010), we reject it here. And Mr. Sheets thus cannot prevail on his related contention that the unconstitutionality of § 2G2.2(b)(7)(D) caused his sentence to be unreasonable.

We discern, moreover, no abuse of discretion in the court's evaluation of the 18 U.S.C. § 3553(a) sentencing considerations in fixing Mr. Sheets's sentence. Mr. Sheets received a significant downward variance, and "it is nearly inconceivable that the court abused its discretion in not varying downward still further," see *United*

---

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

*States v. Moore*, 581 F.3d 681, 684 (8th Cir. 2009) (per curiam) (internal quotation marks and citation removed).  District courts have "wide latitude to weigh the § 3553(a) factors," *United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009), and, during Mr. Sheets's sentencing, the district court thoughtfully and conscientiously discussed its assessment of each of the relevant statutory factors as they applied to the circumstances of this case.

Affirmed.

_____