# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2967

_____

United States of America

*Plaintiff - Appellee*

v.

Jermaine Aquarius Edison

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: March 10, 2014
Filed: June 26, 2014
[Published]

_____

Before COLLOTON, SHEPHERD, and KELLY, Circuit Judges.

_____


PER CURIAM.

Jermaine Edison pled guilty pursuant to a written plea agreement to one count of conspiring to distribute cocaine, cocaine base ("crack cocaine") and Ecstasy in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. He now appeals his below-guideline sentence of 176 months. Edison contends the sentence is substantively unreasonable

and greater than necessary to achieve the statutory goals of sentencing. Having jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we affirm.

In February 2012, a confidential source told law enforcement Edison was distributing cocaine and crack cocaine. As a result, on February 14, 2012, law enforcement made a controlled purchase of approximately 25.3 grams of crack cocaine from Edison. Between that date and August 16, 2012, law enforcement set up a total of six controlled purchases of cocaine and Ecstasy. The purchases were set up by contacting Edison, who would either provide the controlled substances himself or refer the confidential source to his codefendant, Antoine Kenyetta Poole. In addition, on May 9, 2012, law enforcement in Los Angeles, California, intercepted two packages containing a total of $18,000 in cash that Edison had mailed to California.

On September 11, 2012, Edison and Poole were both charged in the United States District Court for the District of Minnesota with a number of drug offenses. Edison eventually pled guilty to conspiracy to distribute 500 grams or more of cocaine, 28 grams or more of crack cocaine, and a quantity of Ecstasy, from on or about February 14, 2012, through on or about August 16, 2012, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. In his written plea agreement, Edison stipulated that the relevant drug quantity attributable to him was "at least 500 grams of cocaine, as well as a quantity of cocaine base and a quantity of Ecstasy"; that he faced a 10-year mandatory minimum sentence due to a qualifying prior drug conviction; and that he qualified as a career offender for purposes of the sentencing guidelines.[1]

---

[1]Edison qualified as a career offender because at the time he committed this offense (1) he was over the age of 18, (2) he pled guilty to a felony controlled substance offense, and (3) he had at least two prior felony convictions for either a crime of violence or a controlled substance offense. See U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1. A career offender's criminal history category is always category VI. Id.

As a career offender, Edison's advisory guideline range was 262–327 months, based on an adjusted offense level 34 and a criminal history category VI. See USSG § 4B1.1. Prior to sentencing, Edison filed a motion for a downward departure pursuant to USSG § 4A1.3(b), arguing his status as a career offender—which increased his criminal history category from IV to VI—overstated the seriousness of his criminal history. He also filed a motion for a downward variance under the factors set forth in 18 U.S.C. § 3553(a). Because Edison had testified in a murder trial in an unrelated case while awaiting sentencing in this case, the government filed a motion for a downward departure pursuant to USSG § 5K1.1.

At sentencing, the district court[2] granted Edison's motion for a downward departure, agreeing that a criminal history category VI over-represented Edison's past criminal activity. The court reduced his criminal history category to V, resulting in a new sentencing guideline range of 235–293 months. The district court also granted the government's § 5K1.1 motion, reducing Edison's sentence to 176 months—approximately a 25% reduction from 235 months, the lower end of the new sentencing guideline range.[3] Finally, the court considered Edison's request for a downward variance to the mandatory minimum sentence of 120 months. In support of the variance, Edison argued that if he were not a career offender, his sentencing guideline range would be 70–87 months imprisonment. He also noted that his codefendant had received a significantly lower sentence of 72 months imprisonment. The district court denied the variance. On appeal, Edison asserts the district court should have granted this variance.

---

[2]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

[3]The government had recommended a 20% reduction from the bottom of the original guideline range, which would have resulted in a recommended sentence of at least 210 months.

"This court reviews sentences in two steps: first, for significant procedural error; and if there is none, for substantive reasonableness." United States v. Williams, 624 F.3d 889, 896 (8th Cir. 2010) (citation omitted). Edison does not allege procedural error, only that the sentence was substantively unreasonable. We review the substantive reasonableness of the district court's sentence under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Borromeo, 657 F.3d 754, 756 (8th Cir. 2011) (quoting United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc)). When a district court's sentence is below the applicable guideline range, "'it is nearly inconceivable that the court abused its discretion in not varying downward still further.'" United States v. McKanry, 628 F.3d 1010, 1022 (8th Cir. 2011) (quoting United States v. Moore, 581 F.3d 681, 684 (8th Cir. 2009)).

Edison argues his sentence was unreasonable because, as he told the district court, absent the career offender classification and the mandatory minimum 10-year sentence, he faced a guideline range of 70–87 months. Edison does not, however, dispute that he qualified as a career offender or that the 10-year mandatory minimum applied. He acknowledges he entered into a written plea agreement with the government in which he stipulated to both. He further recognizes the court granted his § 4A1.3 motion as well as the government's § 5Kl.1 motion. After granting these reductions, the court concluded that any sentence lower than 176 months would not promote respect for the law. The court noted Edison began selling drugs less than a year after serving a 5-year federal sentence for the very same conduct—selling drugs—while still on supervised release for that same sentence. The 5-year sentence followed a 10-year sentence Edison served for a Minnesota assault conviction. Given Edison's history, the district court did not abuse its discretion when it imposed a below-guideline sentence of 176 months.

Edison also argues the district court erred in sentencing him to a 176-month term of imprisonment because his codefendant, Poole, received a 72-month sentence; he asserts this resulted in an unwarranted sentencing disparity. However, Poole was not a career offender and did not face a statutory 10-year mandatory minimum sentence based on a prior qualifying drug conviction. Therefore, Edison and Poole were not similarly situated, and the disparity between their sentences was not unwarranted. See United States v. Maxwell, 664 F.3d 240, 245 (8th Cir. 2011) ("Sentencing disparities are not unwarranted when there are legitimate distinctions between codefendants.") (citation omitted).

For the foregoing reasons, we affirm.

_____