# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2237

_____

United States of America

*Plaintiff - Appellee*

v.

Amos Dee Deering, Sr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: April 18, 2014
Filed: August 8, 2014

_____

Before LOKEN and MURPHY, Circuit Judges, and SIPPEL,[*] District Judge.

_____

LOKEN, Circuit Judge.

Amos Deering pleaded guilty without a plea agreement to being a felon, unlawful user, and domestic abuser in possession of a firearm; possession of cocaine base with intent to distribute; and possession of a firearm in furtherance of a drug

_____

[*]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri, sitting by designation.

trafficking crime.  See 18 U.S.C. §§ 922(g)(1), (3), (9), 924(a)(2), (c); 21 U.S.C. §§ 841(a)(1), (b)(1)(c).  Several weeks later, he signed a cooperation agreement with the government.  At sentencing, the district court[1] determined that Deering was a career offender, resulting in an advisory guidelines sentencing range of 262-327 months in prison.  The government made a U.S.S.G. § 5K1.1 motion based on Deering's substantial assistance.  Deering moved for an additional downward departure or variance, citing mitigating factors and arguing that his criminal history was overstated.  The district court granted the government's § 5K1.1 motion, denied Deering's motion for a downward departure or variance, and imposed a 261-month sentence.  Deering appeals, arguing the district court committed procedural error in determining the § 5K1.1 departure, the government breached the cooperation agreement, and his sentence is substantively unreasonable.  We affirm.

During the early morning hours of October 19, 2012, Deering shot and injured his cousin.  Approximately forty minutes later, officers saw a Buick drive into the parking lot of a closed park in Waterloo, Iowa.  Deering exited the Buick and hid in some bushes.  When Deering returned to the Buick and exited the park, officers conducted a traffic stop.  They observed Deering had bloodshot eyes and watched him take a large amount of cash out of his pocket and place it on the center console.  The officers returned to the park and found a sock under one of the bushes; inside was a pistol and .76 grams of a substance containing cocaine base.  Deering's urine tested positive for cannabinoids.  Forensic testing showed that a shell casing found at the scene of the shooting matched the pistol found in the park.

At sentencing, the government submitted a substantial assistance motion and recommended that the court grant a 20% downward departure from the top of the guidelines range.  The district court stated that a 20% departure was appropriate and

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

invited the parties to argue whether it should be "off the top or the bottom" of the guidelines range. The government argued that "the 3553(a) factors would be served by starting any departure from the top of the range" because the "seriously aggravating" circumstances of the offense of conviction were not taken into account in determining that range. Deering argued "the 5K departure should start from the bottom of the guideline range" because the career offender determination resulted in an overstated criminal history. The court ruled:

> The Court agrees with the government, that it should come off the top. Were I to sentence him without any break under 5K1.1, I would have started at 327 months for the reason that the nature and circumstances of the criminal conduct -- specifically, the firing and the wounding of a cousin with a firearm -- was not scored anywhere in the guidelines and should be. So I would have started at 327 months. Minus the 20 percent, that takes . . . 66 months off his sentence for 5K.

1. Deering argues the district court erred by making its 20% departure from the top of the guidelines sentencing range, instead of the bottom, because that "resulted in a sentence essentially within the [guidelines] range," and the Guidelines define "departure" as "imposition of a sentence outside the applicable guideline range or . . . otherwise different from the guideline sentence," citing U.S.S.G. § 1B1.1 comment. (n.1(E)). We reject this contention for two reasons. First, the district court granted a departure from the *bottom* of Deering's guidelines range, 262 months. "The extent of a downward departure is not reviewable absent an unconstitutional motive." United States v. Robinson, 536 F.3d 874, 878 (8th Cir.), cert. denied, 555 U.S. 1078 (2008); see United States v. Rublee, 655 F.3d 835, 837-38 (8th Cir. 2011), cert. denied, 132 S. Ct. 1647 (2012).

Second, and more importantly, the contention misconstrues the Substantial Assistance guidelines provision. Section 5K1.1 provides that, "[u]pon motion of the government stating that the defendant has provided substantial assistance . . . the

court may depart from the guidelines." *If* the court decides to depart, "[t]he appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to," factors enumerated in § 5K1.1(a)(1)-(5). "Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance." § 5K1.1, comment. (n.3). The text of § 5K1.1 plainly authorizes a district court to grant a substantial assistance reduction that does *not* depart below the bottom of the advisory range, even if the government's § 5K1.1 motion would permit such a departure. Nothing in the text of § 5K1.1, or in our cases reviewing substantial assistance departures, precluded the district court from deciding that 20% was the appropriate reduction based on the relevant substantial assistance factors, and then applying that reduction to the top of the advisory guidelines range based on the court's assessment of § 3553(a) factors, *whether or not* that resulted in a reduced sentence that was below, or still within, the guidelines range. Thus, as in United States v. Moore, 581 F.3d 681, 683 (8th Cir. 2009), the district court "properly applied § 5K1.1."[2]

2. Deering argues the government breached the cooperation agreement when it asked the court to depart from the top of the advisory guidelines range, an issue we review for plain error because the cooperation agreement, though made part of the record on appeal, was not part of the sentencing record in the district court. There was no plain error. The agreement provided, "The United States may, but shall not be required to, make a motion pursuant to § 5K1.1 of the United States Sentencing Guidelines requesting the Court depart below the sentencing range called for by the sentencing guidelines in the event defendant provides 'substantial assistance.'" Deering contends this was a promise that the government would ask the court to depart from the bottom of the guidelines range. We disagree.

-------

[2]The procedurally distinguishable decision in United States v. Floyd, 499 F.3d 308 (3d Cir. 2007), on which Deering primarily relies, did not require that a § 5K1.1 departure begin at the bottom of the guidelines range.

The agreement gave the government "sole discretion" to make a § 5K1.1 motion. Though the government's decision whether to make that motion was limited to Deering's substantial assistance, we have long recognized that, once the motion was filed, the government may "advise the sentencing court if there are unrelated factors . . . that in the government's view should preclude or severely restrict any downward departure relief." United States v. Anzalone, 148 F.3d 940, 942 (8th Cir. 1998). The recommendation of the government at sentencing in this case -- a 20% reduction from the top of the range because of Deering's serious criminal history -- was a proper way (but not the only way) for the government to address this issue.

3. Finally, Deering argues his sentence is substantively unreasonable because the district court improperly weighed the § 3553(a) factors by failing to take into account as "significant mitigating factors" that the guidelines computation overstated his criminal history. Deering presented these arguments to the district court before and during sentencing. Taking into consideration "all the factors at 3553(a)," the district court sentenced Deering to 261 months, stating that a lower sentence was not appropriate because of "the aggravated nature of the criminal conduct, the defendant's criminal history, [and] the need for the sentence imposed to reflect the seriousness of the offense." We review the substantive reasonableness of a sentence for abuse of discretion. "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). "[W]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." Moore, 581 F.3d at 684 (quotation omitted). Having carefully reviewed the sentencing record and the district court's careful explanation of the sentence imposed, we find no abuse of its substantial discretion.

The judgment of the district court is affirmed.

_____