# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2048

_____

United States of America

*Plaintiff - Appellee*

v.

Betty Patricia Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 12, 2015
Filed: March 5, 2015
[Unpublished]

_____

Before LOKEN, MURPHY, and MELLOY, Circuit Judges.

_____

LOKEN, Circuit Judge.

After Betty Smith was arrested on unrelated charges, police found a loaded .40 caliber pistol in her pants pocket, twenty-three individual bags of marijuana and eleven of cocaine in her car, and $1,553 in cash on her person. Charged with firearm and drug distribution offenses, Smith pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). At sentencing, the

district court[1] determined, without objection, an advisory guidelines sentencing range of 27 to 33 months in prison. Smith sought a downward variance to a sentence of time-served. The government urged a guidelines-range sentence. Granting a lesser downward variance, the district court sentenced Smith to 21 months in prison followed by three years of supervised release. Smith appeals, arguing her sentence is substantively unreasonable because "the district court abused its discretion when it failed to give sufficient weight to [her] history and characteristics in imposing a sentence." We affirm.

The Presentence Investigation Report described Smith's tragic upbringing -- born in federal custody; addicted to controlled substances at an early age; raised by her grandmother because her mother was incarcerated; physically abused at home; and sexually abused beginning at a young age by family members and church ministers. Smith has a long history of substance abuse; has been diagnosed with depression, bipolar disorder, anxiety disorder, and schizophrenia; and has attempted suicide at different times. Smith also presented evidence of a strong support group at the present time -- her life partner and her partner's four children attended the sentencing hearing -- and she attended drug and mental health counseling sessions while on pretrial supervision. Citing this combination of mitigating factors, and the absence of violent offense conduct, defense counsel argued that a sentence of time-served and a maximum term of supervised release would be sufficient.

The district court granted a downward variance, citing Smith's support network and the mental health issues and abuse she has suffered. The court then weighed these considerations against Smith's offense conduct and criminal history -- she has prior controlled substance and concealed weapon convictions -- and concluded that

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

a 21-month prison term "is sufficient, but not more than necessary, to meet the statutory sentencing objectives":

> You had drugs, and it was pretty clear based on the evidence, you were selling the drugs . . . But the most significant thing is that you had a stolen gun that's fully loaded, with a round in the chamber, with 13 rounds in the magazine. And that's not the first time that you have been arrested with a gun in your possession. . . . So I'm concerned and concerned about protecting the community.

The district court has "wide latitude" to weigh relevant sentencing factors, and the court weighing those factors differently than the defendant prefers does not alone justify reversal. United States v. Wilcox, 666 F.3d 1154, 1157 (8th Cir. 2012). Here, the district court carefully considered the 18 U.S.C. § 3553(a) factors, addressed Smith's support network, personal history, and mental illness, and expressly weighed those against her conduct, her criminal history, and the need to protect the public. Compare United States v. Anderson, 674 F.3d 821, 828 (8th Cir. 2012). "Where a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Deering, 762 F.3d 783, 787 (8th Cir. 2014) (quotation omitted). This is not the "unusual case when we reverse a district court sentence . . . as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

The judgment of the district court is affirmed.

_____