# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1817

_____

United States of America

*Plaintiff - Appellee*

v.

Epifanio Sanchez Sanchez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 27, 2016
Filed: October 12, 2016
[Unpublished]

_____

Before SMITH, BENTON, and, SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Epifanio S. Sanchez pled guilty to conspiring to manufacture, distribute, or possess with the intent to distribute 100 kilograms or more of marijuana. The district court[1]

_____

[1] The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

sentenced him to 120 months in prison, in accordance with a plea agreement stipulating that the government would not seek a sentence exceeding 120 months, but that Sanchez could seek a lower sentence. Sanchez appeals, arguing the sentence is unreasonable based on his circumstances. Counsel has moved to withdraw, and filed a brief under *Anders v. California*, 386 U.S. 738 (1967). Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

The sentence was not substantively unreasonable, as the district court properly considered and individually assessed several 18 U.S.C. § 3553(a) factors. *See United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012) (abuse of discretion occurs where sentencing court fails to consider relevant factor that should have received significant weight, gives significant weight to improper or irrelevant factor, or considers only appropriate factors but commits clear error of judgment in weighing them); *United States v. Wohlman*, 651 F.3d 878, 887 (8th Cir. 2011) (district court need not mechanically recite § 3553(a) factors, so long as it is clear from record that court actually considered them in determining sentence); *United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (abuse-of-discretion standard). The sentence imposed by the district court was lower than the bottom of the advisory Guidelines range. *See United States v. Moore*, 581 F.3d 681, 684 (8th Cir. 2009) (per curiam) ("[W]here a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further."). An independent review of the record under *Penson v. Ohio*, 488 U.S. 75 (1988), reveals no non-frivolous issues outside the scope of the appeal waiver.

The judgment is affirmed and counsel's motion to withdraw is granted.

_____