# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1863

_____

United States of America

*Plaintiff - Appellee*

v.

Leonard Martin Cosimo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 9, 2017
Filed: January 13, 2017
[Unpublished]

_____

Before RILEY, Chief Judge, LOKEN and BENTON, Circuit Judges.

_____

PER CURIAM.

Police encountered Leonard Cosimo during a February 2015 warrant search at a residence in Des Moines, Iowa. Cosimo consented to a search of his truck, where police discovered a loaded .45 caliber handgun with an obliterated serial number and a black bag containing two grams of marijuana, four grams of methamphetamine, oxycodone and ecstasy pills, and drug trafficking paraphernalia. With prior felony

convictions for drug, weapon, theft, and counterfeiting offenses, Cosimo was charged with and pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

At sentencing, the district court[1] determined that Cosimo's guidelines range was 110 to 120 months in prison. Cosimo argued that his admirable military career and substantial cooperation in drug trafficking investigations warranted a downward variance. The government confirmed that Cosimo had admitted possessing the contraband found in his truck, provided the names of his methamphetamine sources, and then assisted in two methamphetamine trafficking investigations. However, he continued to engage in drug trafficking while cooperating, which reduced the usefulness of his assistance; withheld information pertaining to drug trafficking in Des Moines; and even arranged drug transactions from jail with the help of his wife after his June 2015 arrest. The government also noted that it granted Cosimo a significant "charge bargain" by declining to charge him for controlled substance violations. The district court granted Cosimo a downward variance and sentenced him to 96 months in prison.

Cosimo appeals, arguing that the 96-month sentence is substantively unreasonable because his substantial assistance warranted a significantly greater downward variance. "Our review of the substantive reasonableness of a sentence for abuse of discretion is highly deferential." United States v. Roberts, 747 F.3d 990, 992 (8th Cir. 2014). "Where a district court has sentenced a defendant below the advisory guidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Deering, 762 F.3d 783, 787 (8th Cir. 2014) (quotation omitted). Here, the district court expressly considered each of the 18 U.S.C. § 3553(a) sentencing factors. The court noted

---

[1] The Honorable John A. Jarvey, Chief Judge of the United States District Court for the Southern District of Iowa.

-2-

Cosimo's extensive criminal history and the seriousness of the offense -- unlawful possession of a firearm in the course of drug distribution. The court considered Cosimo's substantial assistance but noted the "enormous" benefit Cosimo received from the government's decision not to charge him with a controlled substance offense, and his continued criminal activity while cooperating. After careful review of the sentencing record, we conclude that the court in granting a significant downward variance did not abuse its substantial sentencing discretion.

The judgment of the district court is affirmed.

_____