# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-3460

———————————————

United States of America

*Plaintiff - Appellee*

v.

Kyle Edward McGhghy

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

——————————

Submitted: September 21, 2020
Filed: January 7, 2021
[Unpublished]

——————————

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

Kyle McGhghy pled guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) and was sentenced to 48 months' imprisonment. McGhghy appeals, alleging the district court[1] procedurally erred at

———

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

sentencing and, as a result, imposed a substantively unreasonable sentence. We find no error, procedural or substantive.

On December 9, 2018, McGhghy and several friends, including Anthony Taylor, gathered to watch a football game in a friend's camper. McGhghy brought a revolver and a semiautomatic firearm into the camper. At some point during the gathering, the firearms were passed around to the group and Taylor decided to play Russian roulette with the revolver, fatally shooting himself in the head.

McGhghy fled the scene before law enforcement officials arrived. All of the witnesses to the shooting eventually provided interviews to law enforcement except McGhghy. Some of the witnesses indicated McGhghy left the camper with the semiautomatic weapon, which has never been recovered. McGhghy objected to the statement in the presentence investigation report ("PSIR") that he left the camper with the semiautomatic firearm. Although the government declined to present evidence on this issue, the district court noted the evidence in the record in support of the statement and overruled McGhghy's objection. The court determined the applicable Sentencing Guidelines range was 63–78 months, rejected McGhghy's request for a sentence of 12 months and 1 day, and imposed a sentence of 48 months.

On appeal, McGhghy asserts the district court erred when it relied on the PSIR's allegation that McGhghy left the camper with the semiautomatic firearm; relied on certain factual determinations related to McGhghy's criminal history and the revocation of a deferred judgment related to a previous arrest; noted McGhghy's refusal to interview with law enforcement officers; considered McGhghy's treatment and rehabilitation needs; allowed Taylor's mother and grandmother to make victim impact statements; and considered certain letters in support of McGhghy as relevant to his prospects for rehabilitation.

We review criminal sentences first for significant procedural error and then for substantive reasonableness. United States v. Zeaiter, 891 F.3d 1114, 1121 (8th Cir. 2018). Upon careful review of the record, we find McGhghy's claims of error fail. The record does not support his claim that the district court considered whether he fled the scene with the semiautomatic firearm when formulating its sentence. While the court made numerous findings, none involved McGhghy leaving the camper with the missing firearm. Likewise, McGhghy's claim that his sentence was enhanced in violation of the Fifth Amendment because he did not consent to a law enforcement interview is not supported by the record. Although the district court noted that it did not usually vary to the extent requested by McGhghy in the absence of substantial assistance, there is no reason to view this statement as an indication that McGhghy's sentence was enhanced, especially since the court specifically noted that it was not punishing McGhghy for failing to submit to an interview. McGhghy has not pointed to any other consideration that the court failed to make and to which he was entitled.

As to McGhghy's other claims, the district court's findings related to his criminal history and revocation of a deferred judgment are supported by the record. We find no abuse of discretion in examining McGhghy's treatment and rehabilitation needs, or in considering the letters in support of McGhghy, or in allowing Taylor's mother and grandmother to make statements at sentencing.

The district court considered the relevant statutory factors and sufficiently explained the reasons for the sentence it imposed. When a district court varies downward from the applicable Sentencing Guidelines range, it is nearly inconceivable to find the court abused its discretion because it did not vary downward further. United States v. Deering, 762 F.3d 783, 787 (8th Cir. 2014). We affirm the district court's judgment.

_____