# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-1517

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Hector Vasquez-Gutierrez, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 17, 2012
Filed: May 3, 2012

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Hector Vasquez-Gutierrez pled guilty without a plea agreement to illegal reentry following removal in violation of 8 U.S.C. § 1326(a). The district court[1] determined that Vasquez-Gutierrez was subject to a maximum sentence of 20 years' imprisonment because his illegal reentry was subsequent to a conviction for an aggravated felony, *see* 8 U.S.C. § 1326(b)(2), calculated a guidelines range of 41 to

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

51 months, and sentenced Vasquez-Gutierrez to 41 months' imprisonment. Vasquez-Gutierrez appeals his sentence, arguing that the district court erred by subjecting him to the potential 20-year maximum sentence by classifying his prior conviction as an aggravated felony. Because any such classification error was harmless, we affirm.

In July 1999, then-18-year-old Vasquez-Gutierrez was charged with sexual abuse in the third degree for having sexual intercourse with a 13-year-old girl. Vasquez-Gutierrez pled guilty to the lesser-included offense of assault with intent to commit sexual abuse causing no bodily injury in violation of Iowa Code § 709.11 ("Iowa conviction"), and the court imposed a two-year suspended sentence on March 27, 2000. That same day, the Bureau of Immigration and Customs Enforcement ("ICE")[2] served Vasquez-Gutierrez with a Notice of Intent to Issue a Final Administrative Removal Order. The Notice alleged that Vasquez-Gutierrez was removable based on his Iowa conviction and his previous illegal entry into the United States. ICE removed Vasquez-Gutierrez on April 3, 2000. Vasquez-Gutierrez illegally reentered the United States and was removed again in 2003.

In July 2010, Vasquez-Gutierrez was arrested again in Iowa for public intoxication and admitted that he had illegally entered the country a third time in 2009. Based on this most recent entry, Vasquez-Gutierrez was charged with illegal reentry following removal subsequent to a prior conviction for an aggravated felony. Vasquez-Gutierrez moved to dismiss the indictment, arguing that the 2000 removal order was invalid because the Iowa conviction did not qualify as an aggravated felony. *See* 8 U.S.C. § 1326(d). The district court denied the motion, concluding that the Iowa conviction qualified as an aggravated felony. Vasquez-Gutierrez subsequently pled guilty but argued at sentencing that he was not subject to the 20-year maximum sentence under § 1326(b)(2). The district court rejected Vasquez-

_____

[2]Then known as the Immigration and Naturalization Service.

Gutierrez's argument and imposed a sentence at the bottom of the advisory guidelines range, 41 months.

On appeal, Vasquez-Gutierrez contends that the district court erred in classifying the Iowa conviction as an aggravated felony for purposes of sentencing, thus erroneously subjecting him to a potential 20-year maximum sentence. He argues that the Iowa conviction does not constitute a "crime of violence" under 18 U.S.C. § 16, *see Johnson v. United States*, 559 U.S. ---, 130 S. Ct. 1265 (2010), or "sexual abuse of a minor," and thus is not an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(A), (F). However, we need not decide this question as we conclude that any such error was harmless in this case. *See* Fed. R. Crim. P. 52(a) (establishing that any error that does not affect substantial rights must be disregarded).

Even if the Iowa conviction does not qualify as an aggravated felony, Vasquez-Gutierrez would still be subject to a 10-year maximum sentence for illegal reentry following removal subsequent to a felony conviction. *See* 8 U.S.C. § 1326(b)(1). Although the Iowa conviction is classified by the State of Iowa as an aggravated misdemeanor, it carries a maximum sentence of two years' imprisonment. *United States v. Quiroga*, 554 F.3d 1150, 1158 (8th Cir. 2009) (holding that a conviction under Iowa Code § 709.11 constitutes an aggravated felony for sentencing guidelines purposes). The Iowa conviction thus falls within the plain meaning of the word felony. *See Carachuri-Rosendo v. Holder*, 560 U.S. ---, 130 S. Ct. 2577, 2585 (2010) ("A 'felony,' we have come to understand, is a 'serious crime usu[ally] punishable by imprisonment for more than one year or by death.'" (alteration in original) (quoting Black's Law Dictionary 694 (9th ed. 2009))); *see also* 18 U.S.C. § 3559(a) (establishing presumption that federal crimes carrying a maximum sentence exceeding one year of imprisonment are felonies).[3] Moreover, Vasquez-Gutierrez

---

[3]This definition is consistent with Congress's usage of the word felony in Title 8 of the United States Code, *see* 8 U.S.C. § 1101(a)(43)(F), (G) (providing that a

offers no meaningful argument as to why the Iowa conviction would not be considered a felony conviction within the meaning of 8 U.S.C. § 1326(b)(1) and has thus waived the argument. *See United States v. Stanko*, 491 F.3d 408, 415 (8th Cir. 2007) (holding that a claim was waived because it was not meaningfully argued in the opening brief). Because Vasquez-Gutierrez's 41-month sentence is well within the otherwise applicable statutory maximum for unlawful reentry following removal subsequent to a felony conviction, the increased potential statutory maximum did not affect Vasquez-Gutierrez's substantial rights, and any such error is harmless.[4] *See United States v. Garcia-Guizar*, 234 F.3d 483, 488-89 (9th Cir. 2000) (holding that an *Apprendi* error increasing the maximum sentence from twenty years to life imprisonment "had no effect" on the 168-month sentence the defendant received where the defendant was sentenced at the low end of the guidelines range and the actual sentence was "substantially less" than the correct statutory maximum).

Vasquez-Gutierrez also contends that, if the Iowa conviction is not an aggravated felony, we should remand to the district court to reconsider for purposes

---

crime of violence, theft offense, or burglary offense is an aggravated felony if the term of imprisonment is at least one year), as well as its usage of the word generally in the criminal context, *see* 21 U.S.C. § 802(44) (defining "felony drug offense" as a drug crime "punishable by imprisonment for more than one year"); *United States v. Garrett*, 648 F.3d 618, 621-22 (8th Cir. 2011) (explaining that to be a "felon" in possession a firearm a defendant must have "previously been convicted of a crime punishable by imprisonment of more than one year").

[4]Although Vasquez-Gutierrez objected before the district court to a 16-level increase to his offense level for being deported after conviction for a "crime of violence," *see* U.S.S.G. § 2L1.2(b)(1)(A), he does not challenge the district court's calculation of the advisory sentencing guidelines range on appeal. Perhaps this is because a "crime of violence" for the purposes of the guidelines enhancement includes statutory rape, sexual abuse of a minor, and "any other offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

of sentencing its denial of his motion to dismiss based on a collateral attack on the 2000 removal order. An alien charged with illegal reentry following removal may collaterally attack the validity of his removal order in a subsequent criminal prosecution if he demonstrates that the removal proceeding was so defective as to effectively foreclose his right to obtain judicial review of his removal order and "that he suffered actual prejudice from those defects." *United States v. Perez-Ponce*, 62 F.3d 1120, 1122 (8th Cir. 1995). Vasquez-Gutierrez does not identify any sentencing prejudice he suffered in this case from the purported misclassification of the Iowa conviction as an aggravated felony for the purposes of his 2000 removal proceeding. As discussed above, even if the Iowa conviction is not an aggravated felony, Vasquez-Gutierrez's sentence was well within the 10-year statutory maximum sentence for illegal reentry following removal subsequent to a felony conviction.[5]

For the foregoing reasons, we affirm.

_____

[5]To the extent Vasquez-Gutierrez now seeks to invalidate the 2000 deportation order as the predicate for his conviction, he waived any right to challenge the removal order for purposes of his conviction when he entered an unconditional guilty plea. *See United States v. Limley*, 510 F.3d 825, 827 (8th Cir. 2007) ("A valid guilty plea is an admission of guilt that waives all non-jurisdictional defects and defenses" and is "presumptively unconditional."). Vasquez-Gutierrez does not challenge the validity of his guilty plea or assert that the plea was conditional and has thus waived the argument. *See Stanko*, 491 F.3d at 415.