# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2557
_____

United States of America

*Plaintiff - Appellee*

v.

Leopoldo Figueroa-Alvarez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: April 17, 2015
Filed: August 4, 2015

_____

Before RILEY, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

_____

LOKEN, Circuit Judge.

Leopoldo Figueroa-Alvarez, a citizen of Mexico, pleaded guilty to illegally reentering this country following removal in violation of 8 U.S.C. § 1326(a). A violation of § 1326(a) is punishable by "not more than 2 years" imprisonment. But § 1326(b) authorizes imprisonment "not more than 10 years" if a defendant's prior removal "was subsequent to a conviction for commission of . . . a felony," and "not more than 20 years" if removal was subsequent "to a conviction for commission of

an aggravated felony." At the plea hearing, Figueroa-Alvarez admitted a pre-removal Iowa conviction for committing third-degree attempted burglary, an "aggravated misdemeanor" punishable by up to two years in prison under state law. See Iowa Code §§ 713.6B, 903.1(2). He did not admit he committed a "felony."

At sentencing, the district court determined that Figueroa-Alvarez's advisory guidelines sentencing range was 46-57 months in prison, applying an increase in U.S.S.G. § 2L1.2(b)(1) for removal following a "felony" conviction because this Guidelines provision defines "felony" as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." § 2L1.2, comment. (n.2). Figueroa-Alvarez argued that his statutory maximum sentence was limited to two years under 8 U.S.C. § 1326(a) because an Iowa third-degree attempted burglary conviction was not a "felony" under § 1326(b)(1). The government argued the burglary conviction was a felony and therefore Figueroa-Alvarez was subject to a 10-year statutory maximum sentence. The district court[1] agreed with the government's interpretation of § 1326(b)(1), granted a downward departure and variance, and sentenced Figueroa-Alvarez to 36 months in prison. He appeals the sentence, arguing the two-year statutory maximum applies because § 1326(b) does not define felony, the term is ambiguous, and we should either conclude that Congress intended to defer to the applicable definition under state law, or apply the rule of lenity. Reviewing this issue of statutory construction de novo, we affirm.

We addressed this issue in United States v. Vasquez-Gutierrez, 478 F. App'x 336 (8th Cir.), cert. denied, 133 S. Ct. 363 (2012). The issue on appeal in that case was the determination that Vasquez-Gutierrez's prior Iowa conviction for assault with intent to commit sexual abuse causing no bodily injury was an "aggravated felony" under § 1326(b)(2). The offense was classified by the State of Iowa as an aggravated

---

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

misdemeanor but carried a maximum sentence of two years in prison. Because Vasquez-Gutierrez's federal sentence was more than two but less than ten years in prison, we held that any error in the aggravated felony determination was harmless because the plain meaning of "felony" in § 1326(b)(1) is a crime punishable by more than one year in prison. In support, we cited Carachuri-Rosendo v. Holder, 560 U.S. 563, 574 (2010) ("A 'felony,' we have come to understand, is a 'serious crime usually punishable by imprisonment for more than one year or by death," quoting Black's Law Dictionary 694 (9th ed. 2009)); and three federal statutes consistent with this definition, 18 U.S.C. § 3559(a) (classifying offenses for sentencing), 8 U.S.C. § 1101(a)(43)(F) & (G) (enumerating certain aggravated felonies), and 21 U.S.C. § 802(44) (defining "felony drug offense"). 478 F. App'x at 338 & n.3. Like the prior conviction in Vasquez-Gutierrez, Figueroa-Alvarez's third-degree attempted burglary offense carried a statutory maximum sentence of two years in prison.

The Tenth Circuit and the Fourth Circuit have also construed the word "felony" in § 1326(b)(1) as meaning any state or federal offense punishable by a maximum term of more than one year in prison. See United States v. Cordova-Arevalo, 456 F.3d 1229, 1232-34 (10th Cir.), cert. denied, 549 U.S. 1088 (2006); accord United States v. Savillon-Matute, 636 F.3d 119, 122 n.5 (4th Cir.), cert. denied, 132 S. Ct. 454 (2011). Figueroa-Alvarez cites no authority adopting or advocating his contrary interpretation of § 1326(b)(1). However, he accurately notes that Congress departed from this definition of "felony" in 21 U.S.C. § 802(13), which defines "felony" for purposes of the Drug Abuse Prevention and Control Act as "any Federal or State offense classified by applicable Federal *or State law* as a felony" (emphasis added).

Although our unpublished decision in Vasquez-Gutierrez is not controlling authority, see 8th Cir. Rule 32.1A, we conclude that Vasquez-Gutierrez and the Tenth and Fourth Circuit decisions are persuasive. The first reason is historical. From 1909 until the Sentencing Reform Act was enacted in 1984, Pub. L. 98-473 (1984), the United States Code provided that any federal offense punishable by death or a prison

term exceeding one year "is a felony," whereas any other offense is a misdemeanor. 18 U.S.C. § 1, Act of June 25, 1948, c. 645, 62 Stat. 684; see § 335 of the Criminal Code, c. 321, 35 Stat. 1088, 1152 (1909); Act of Dec. 16, 1930, c. 15, 46 Stat. 1029 (adopting a six-month petty offense subcategory of misdemeanors); Duke v. United States, 301 U.S. 492, 494 (1937). The statute broadly defining "felony" was repealed in the Sentencing Reform Act and replaced by 18 U.S.C. § 3559(a), a statute that classifies offenses for sentencing purposes. Each of the five felony classifications in § 3559(a)(1)-(5) has a maximum prison term of more than one year. Thus, there was good reason for the Supreme Court to observe in Carachuri-Rosendo that "we have come to understand" that the term "felony" means a serious crime punishable by more than one year in prison. Congress itself is the source of that understanding. The word is not ambiguous as a matter of federal law, as Figueroa-Alvarez contends; the question is whether Congress in § 1326(b)(1) intended this federal definition to apply.

Second, § 1326(b) is a sentencing provision, enacted to increase the maximum punishment for aliens who illegally reenter after removal following conviction for a serious crime. It is reasonable to conclude that Congress intended the word "felony" to have the same meaning in § 1326(b)(1) as in § 3559(a), a sentencing statute which defines the five classes of federal felonies in terms of the maximum punishment for an offense. Allowing state classification of crimes to dictate the maximum federal punishment for illegal reentry offenses would undermine the interest of nationwide uniformity in federal sentencing and in administration of the federal immigration laws. In our view, it is telling that, in construing one subpart of the Immigration and Nationality Act's complex definition of "aggravated felony," the Supreme Court declined a "reading [that] would render the law of alien removal and the law of sentencing for illegal entry into the country dependent on varying state criminal classifications." Lopez v. Gonzales, 549 U.S. 47, 58 (2006) (citations omitted).[2]

---

[2]Lopez and Carachuri-Rosendo involved interpreting one subpart of the term "aggravated felony," defined in a "maze of statutory cross-references" in 8 U.S.C.

Textually, the argument is even stronger for adopting the federal definition in this case. In Lopez, the statute required that the alien be "convicted of an aggravated felony," 8 U.S.C. § 1227(a)(2)(A)(iii), which "suggests that the jurisdiction issuing the conviction determines whether the offense is a felony," id. at 63 (Thomas, J., dissenting); § 1326(b)(1) requires "conviction *for commission of . . .* a felony," which does not.

Though Iowa classified third-degree attempted burglary as an aggravated misdemeanor, it was punishable by up to two years in prison. We therefore hold that it was a felony, as that term is used in 8 U.S.C. § 1326(b)(1). We reject Figueroa-Alvarez's contention that we should apply the rule of lenity; deciding whether Congress intended the longstanding federal definition to apply to the term "felony" in § 1326(b)(1) does not involve "a grievous ambiguity or uncertainty." Muscarello v. United States, 524 U.S. 125, 139 (1998); see Donnell v. United States, 765 F.3d 817, 820 (8th Cir. 2014), cert. denied, 135 S. Ct. 1519 (2015).

The judgment of the district court is affirmed.

_____

---

§ 1101(a)(43). 560 U.S. at 567. The Court noted that this term "is unique to Title 8, which covers immigration matters," id. at 574, unlike the term "felony," which has had an accepted meaning under federal law for more than a century.