# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1607

_____

United States of America

*Plaintiff - Appellee*

v.

Aurelio Abrica-Sanchez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: September 25, 2015
Filed: December 9, 2015

_____

Before LOKEN, BEAM, and SHEPHERD, Circuit Judges.

_____

LOKEN, Circuit Judge.

Aurelio Abrica-Sanchez pleaded guilty to violating 8 U.S.C. § 1326(a), illegally reentering the United States after removal. The district court[1] determined that his prior conviction for domestic assault was a felony, which increased the

_____

[1] The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

statutory maximum sentence to ten years in prison, see 8 U.S.C. § 1326(b)(1), and resulted in an advisory guidelines range of 15 to 21 months in prison. Varying upward, the district court sentenced Abrica-Sanchez to 48 months in prison. He appeals this sentence, arguing that the district court misclassified the prior conviction as a felony, procedurally erred by considering unproven and improper sentencing factors, and imposed a substantively unreasonable sentence. We affirm.

## I.

Abrica-Sanchez illegally entered the United States from Mexico in the mid-1980s. In 2003, he pleaded guilty to enhanced domestic abuse assault in violation of Iowa Code § 708.2A(3)(b) for striking his paramour with a lamp and punching her in the face (hereinafter, the 2003 Conviction). Abrica-Sanchez was removed to Mexico in 2004 but soon illegally returned to the United States. Following an arrest for drunk driving in 2014, he was charged with illegal reentry following a felony conviction in violation of 8 U.S.C. §§ 1326(a) and (b)(1).

The maximum penalty for illegal reentry following removal is two years in prison, § 1326(a), but the maximum penalty increases to ten years if removal followed "a felony (other than an aggravated felony)" conviction. § 1326(b)(1). Abrica-Sanchez pleaded guilty to illegal reentry but did not admit to having a felony conviction prior to removal. The Presentence Investigation Report ("PSR") classified his 2003 Conviction as a felony for purposes of § 1326(b)(1). At sentencing, Abrica-Sanchez argued that the 2003 Conviction was for an aggravated misdemeanor, not a felony, under Iowa law. See Iowa Code § 708.2A(3)(b). The government argued that the 2003 Conviction was for an aggravated felony, which would increase the statutory maximum sentence to twenty years. See 8 U.S.C. § 1326(b)(2). The district court concluded that the 2003 Conviction was for a felony under § 1326(b)(1) because it was punishable by more than one year in prison, but that Abrica-Sanchez's offense was not an aggravated felony.

Abrica-Sanchez's brief argued, as he did in the district court, that his 2003 Conviction for an "aggravated misdemeanor" under Iowa law should not be deemed a felony under § 1326(b)(1). However, as he properly noted in an Eighth Circuit Rule 28(j) Letter, we recently held that a felony, as that term is used in § 1326(b)(1), means "any state or federal offense punishable by a maximum term of more than one year in prison." United States v. Figueroa-Alvarez, 795 F.3d 892, 894-95 (8th Cir. 2015). Figueroa-Alvarez is controlling authority in this case. Under Iowa law, the maximum penalty for an aggravated misdemeanor such as enhanced domestic abuse assault is "imprisonment not to exceed two years." Iowa Code § 903.1(2). Thus, the district court correctly ruled that the 2003 Conviction was a felony conviction under § 1326(b)(1), and therefore the statutory maximum sentence for Abrica-Sanchez's illegal reentry offense was ten years in prison.

## II.

At sentencing, the district court adopted the PSR without changes, concluding the advisory guidelines range was 15 to 21 months in prison. Abrica-Sanchez argued for a sentence at the high end of that range; the government urged a sentence well above the range. The court varied upward and imposed a 48-month sentence, explaining in its Statement of Reasons:

> The Court varies upward 27 months from the high end of the guideline range based on the defendant's criminal history (23 prior convictions), risk of recidivism, lack of employment history, and lack of contact with and support of his children.

Abrica-Sanchez argues the court committed multiple procedural errors at sentencing and imposed a substantively unreasonable sentence. When reviewing a sentence, we first "ensure that the district court committed no significant procedural error." Gall v. United States, 552 U.S. 38, 51 (2007). If the sentence is procedurally sound, we

"then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id.

**A.** Abrica-Sanchez first contends the district court committed significant procedural error by basing its sentence on "clearly erroneous facts." Gall, 552 U.S. at 51. Specifically, he objects to the court's findings of "lack of employment history, and lack of contact with and support of his children." "We review the court's interpretation and application of the Guidelines de novo and its factual findings for clear error." United States v. Thunderhawk, 799 F.3d 1203, 1209 (8th Cir. 2015).

Regarding child support, Paragraph 58 of the PSR recited: Abrica-Sanchez "has had no contact with his children since his domestic abuse conviction involving [their mother] in 2001. He does not know where his children reside." At sentencing, when defense counsel questioned whether the record reflected Abrica-Sanchez's failure to support the children, the district court asked:

> THE COURT: Well, [Paragraph 58] gets us to the point that he hasn't supported his children since 2001. That's 13 years, 14 years; right?
>
> [DEFENSE COUNSEL]: Right.
>
> THE COURT: You don't disagree with that conclusion.
>
> [DEFENSE COUNSEL]: No, Your Honor.

"A fact in a PSR to which the defendant has not specifically objected is a fact admitted by the defendant." United States v. White, 447 F.3d 1029, 1032 (8th Cir. 2006). There was no clear error.

Regarding employment history, Paragraph 67 of the PSR recited: "The defendant reported that he did roofing and concrete construction work in Sioux City for a few weeks in 2014. No other employment was reported." At sentencing, defense counsel argued the PSR did not purport to contain Abrica-Sanchez's entire work history, and therefore was not "necessarily a reflection as to what [he] has been doing workwise since 2004." The district court responded:

> THE COURT: Well, it's a reflection that he had an opportunity to report his work, and all he reported was a couple weeks in 2014. It's a reflection of that.
>
> [DEFENSE COUNSEL]: I think that's fair, but I also think it falls on me to get that information out. So I think that's [a] neutral [factor, rather than an aggravating factor].

Following this exchange, Abrica-Sanchez made no attempt to offer evidence of additional work history. Again, there was no clear error. See United States v. Rodamaker, 56 F.3d 898, 902 (8th Cir. 1995) (a district court may "draw appropriate inferences" from uncontested facts in the PSR).

**B.** Abrica-Sanchez next argues that, even if his work history was limited, consideration of that factor was "improper" and therefore a significant procedural error. Because illegal aliens may not lawfully work in this country, he contends, it is improper to punish him for not working. This contention is without merit. The argument may be relevant to the district court's exercise of its substantive sentencing discretion, but it is not a valid claim of significant procedural error. The governing statute and guideline provide that the sentencing court "may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." United States v. Loaiza-Sanchez, 622 F.3d 939, 940-41 (8th Cir. 2010), quoting U.S.S.G. § 1B1.4; see 18 U.S.C. § 3661. Only discrimination based on "race, sex, national origin, creed, and

socioeconomic status of offenders" is prohibited. 28 U.S.C. § 994(d); see U.S.S.G. § 5H1.10. Employment history is "information concerning the background, character and conduct of the defendant," so it is not, as a matter of law, a *prohibited* sentencing factor.[2]

**C.** Finally, Abrica-Sanchez argues that his 48-month sentence is substantively unreasonable. He claims the district court gave too much weight to aggravating factors and too little weight to mitigating factors -- his single deportation, "excusable" desire to return to the country, alcoholism, and "relatively minor" recent criminal history. We review the reasonableness of a sentence under a highly deferential abuse-of-discretion standard. United States v. Roberts, 747 F.3d 990, 992 (8th Cir. 2014). It is the "unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). This is not the unusual case.

At the sentencing hearing, the district court articulated many reasons why an upward variance was warranted -- Abrica-Sanchez was a "serial recidivist" with repeated law violations spanning twenty five years; his criminal history category was understated because 17 of his 23 convictions received no criminal history points; the voluminous criminal record evidenced "disrespect for the law" and that leniency had not been effective; failure to support his children; and a limited work record. Weighing these 18 U.S.C. § 3553(a) factors against the mitigating factors urged by

---

[2] In prior cases, this issue has typically -- and properly -- been raised as a factor supporting a defendant's challenge to the substantive reasonableness of his sentence. See United States v. Ali, 799 F.3d 1008, 1033 & n.6 (8th Cir. 2015); United States v. Mees, 640 F.3d 849, 856 (8th Cir. 2011). The contention that alienage is a *prohibited* factor was properly raised as a claim of procedural error, but rejected on the merits, in Loaiza-Sanchez, 622 F.3d at 941-42.

Abrica-Sanchez, the court concluded that a 48-month sentence was "sufficient but not greater than necessary to achieve all of the sentencing purposes."

The district court appropriately considered prior convictions that were assessed no criminal history points and the risk of recidivism.  See United States v. Barrett, 552 F.3d 724, 726 (8th Cir. 2009).  Consistent with prior decisions, the court found that the extensive criminal history was "evidence of obvious incorrigibility" and concluded that "leniency has not been effective."  United States v. Walking Eagle, 553 F.3d 654, 657 (8th Cir. 2009).  The court properly took into account factors such as work history and failure to support his children that bear on "the history and characteristics of the defendant."  8 U.S.C. § 3553(a)(1); see United States v. Woods, 670 F.3d 883, 888 (8th Cir. 2012).

"[A] sentencing court has wide latitude to weigh the § 3553(a) factors and assign some factors greater weight than others in determining an appropriate sentence."  United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012).  Here, the district court did not abuse its substantial sentencing discretion in concluding that a significant upward variance was warranted.  See, e.g., United States v. Thibeaux, 784 F.3d 1221, 1227 (8th Cir. 2015).

The judgment of the district court is affirmed.

_____