# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-3793

_____

United States of America

*Plaintiff - Appellee*

v.

Francisco Sanchez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: June 5, 2017
Filed: September 12, 2017
[Unpublished]

_____

Before LOKEN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

An undercover officer purchased 27 grams of methamphetamine from Francisco Sanchez in November 2014. When Sanchez and a co-conspirator were arrested in Rogers, Arkansas in October 2015, officers seized 333 grams of prepackaged methamphetamine, a loaded .45 caliber handgun, and five cell phones from his car. A five-count indictment charged Sanchez with possession of

methamphetamine with intent to distribute, distribution and conspiracy to distribute, being a felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking crime. Sanchez pleaded guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

At sentencing, adopting Presentence Investigation Report recommendations without objection, the district court[1] determined that Sanchez's advisory guidelines sentencing range as a career offender was 188 to 235 months imprisonment. The government argued this was the rare case warranting an upward variance to the statutory maximum sentence of 240 months. Sanchez requested a sentence at the low end of the guidelines range. The district court varied upward and imposed a 240-month sentence. Explaining the need to impose "a sufficient sentence but one that is not greater than necessary" to effectuate the 18 U.S.C. § 3553(a) factors, the court articulated many reasons for the modest 5-month upward variance -- the "very serious" offense of dealing large methamphetamine quantities while possessing a loaded handgun as a convicted felon; the "sheer volume" of Sanchez's prior convictions, which makes him a career offender and "demonstrates just a complete and utter lack of respect for the law"; the fact that prior sentences have not deterred Sanchez from an "unabashed, repeated pattern" of drug and firearm offenses; and Sanchez assaulting two other inmates while awaiting trial, including one incident where jail staff needed to drive stun him twice to end the assault.

On appeal, Sanchez argues his sentence is substantively unreasonable, an issue we review under a "highly deferential abuse-of-discretion standard." United States v. Abrica-Sanchez, 808 F.3d 330, 334 (8th Cir. 2015). Sanchez contends the sentence is unreasonable because the court in varying upward under 18 U.S.C. § 3553(a) considered sentencing factors already accounted for by his advisory guidelines range,

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

including criminal history, offense characteristics, and risk of recidivism. This argument is without merit. "[A] court may vary upward based on criminal history even though that history has already been accounted for in the guidelines." United States v. Barrett, 552 F.3d 724, 727 (8th Cir. 2009) (citation omitted); see United States v. Cook, 698 F.3d 667, 671 (8th Cir. 2012). The statute requires a district court to consider the nature of the offense; the history and characteristics of the defendant; the need to promote respect for the law, afford adequate deterrence, and protect the public from further crimes; *and* the applicable advisory guidelines range. See 18 U.S.C. § 3553(a)(1), (2), and (4).

The district court carefully explained why it concluded that a 5-month upward variance to the statutory maximum sentence was warranted, summarizing in its Statement of Reasons, "this defendant's criminal history, regardless of criminal history scoring, is consistent with those individuals determined to be the worst criminal offenders." After careful review of the sentencing record, we conclude this is not the "unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quotation omitted). There was no abuse of the court's "substantial sentencing discretion." Abrica-Sanchez, 808 F.3d at 335.

The judgment of the district court is affirmed.

_____