# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2125

_____

United States of America

*Plaintiff - Appellee*

v.

Richard Garcia

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: April 15, 2019
Filed: July 18, 2019
[Unpublished]

_____

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

After arguing with his wife, Richard Garcia walked from their home with a firearm, fired it into the ground, pointed the gun at his wife's departing vehicle, and pointed the gun at the car of a bystander who had called 911. Police officers arrived at the residence, found a bullet casing near the front curb, and persuaded Garcia to exit the residence. A warrant search uncovered two firearms in a bedroom closet,

ammunition in the garage and in Garcia's automobile, and evidence of methamphetamine use on the kitchen cabinet. Garcia pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

At sentencing, the district court[1] determined, without objection, that Garcia's advisory guidelines sentencing range was 41 to 51 months' imprisonment. The court explained at length its consideration of the 18 U.S.C. § 3553(a) sentencing factors and detailed specific aggravating factors the court found relevant:

> the defendant's possession of a firearm despite having committed eight prior felony offenses; the egregious offense conduct, which included the defendant discharging a firearm in his wife's vicinity and then aiming it at his wife's vehicle as she was leaving the scene, and pointing a firearm in the direction of an innocent bystander; the defendant's noncompliance with law enforcement during apprehension; the defendant's history of lying to law enforcement; the defendant's significant lack of respect for the law as demonstrated by his 55 criminal convictions in the past 18 years, 24 of which involved failing to comply with court orders; the defendant's extensive criminal history that included drug and alcohol-related offenses, violent offenses, and the offense of endangering the welfare of a minor; and the fact that methamphetamine residue, drug paraphernalia, weapons, and ammunition were all present in the defendant's residence, where his young children were residing at the time.

After reviewing relevant mitigating factors, the court stated that it was varying upward because "the aggravating facts and circumstances that I mentioned significantly outweigh the mitigating." It imposed a 66-month sentence.

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

On appeal, Garcia argues the district court abused its discretion and imposed a substantively unreasonable sentence when it varied upward based on giving undue weight to aggravating factors already reflected in the advisory guidelines sentencing range and not properly considering mitigating factors. We disagree. Regarding the aggravating factors, we reiterate: "factors that have already been taken into account in calculating the advisory Guidelines range can nevertheless form the basis of a variance." United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012); see United States v. Barrett, 552 F.3d 724, 727 (8th Cir. 2009) ("a court may vary upward based on criminal history even though that history has already been accounted for in the Guidelines"). Regarding the mitigating circumstances emphasized by Garcia on appeal, the district court in its extensive explanation identified and weighed each one.

The district court thoroughly explained why it concluded that an upward variance of fifteen months was warranted. After careful review of the sentencing record, we conclude the court did not abuse its "substantial sentencing discretion." United States v. Abrica-Sanchez, 808 F.3d 330, 335 (8th Cir. 2015). This is not the "unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quotation omitted).

The judgment of the district court is affirmed.

_____