# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1965

_____

United States of America

*Plaintiff - Appellee*

v.

George S. Schrand, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 13, 2020
Filed: May 14, 2020
[Unpublished]

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

A jury found George S. Schrand, Jr., guilty of one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(A). The district court[1] sentenced Schrand to 360 months of imprisonment and 5 years of supervised release. This was within the United States Sentencing Guidelines Manual's ("Guidelines") recommended range of 324 to 405 months of imprisonment. The Guidelines calculation stemmed, in part, from the Presentence Investigation Report's ("PSR") conversion of $20,950 cash found on Schrand's person at the time of arrest into grams of methamphetamine for sentencing purposes. On appeal Schrand argues the district court erred by adopting the methodology used in the PSR to convert currency to methamphetamine for purposes of formulating the sentencing recommendation.

A district court's calculation of drug quantity is a factual determination we ordinarily review for clear error. *See United States v. Madison*, 863 F.3d 1001, 1005 (8th Cir. 2017). But when a defendant fails to object to a fact contained in the PSR, including the drug quantity, we review for plain error. *United States v. Escobar*, 909 F.3d 228, 245 (8th Cir. 2018). "Plain error occurs if (1) the district court committed an error, e.g., deviation from a legal rule; (2) the error was plain, i.e., clear under current law; and (3) the error affected substantial rights, i.e., affected the outcome of the district court proceedings." *United States v. Villareal-Amarillas*, 454 F.3d 925, 930 (8th Cir. 2006). Plain error has not occurred here.

Under the Federal Rules of Criminal Procedure, the district court "may accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A). And "[a] fact in a PSR to which the defendant has not specifically objected is a fact admitted by the defendant." *United States v. Abrica-Sanchez*, 808 F.3d 330, 334 (8th Cir. 2015) (internal quotation omitted). Schrand never objected to the method used in the PSR to convert currency to methamphetamine. Instead, his objection was primarily limited to arguing the PSR should not have converted *any* of

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

the cash found on his person to drug quantities because he alleges the money was obtained by legal means. Because Schrand did not object to the specific conversion method as contained in the PSR either prior to or during sentencing, he did not object with the requisite specificity and clarity required to preclude the district court's reliance on this fact. *United States v. Razo-Guerra*, 534 F.3d 970, 976 (8th Cir. 2008). It is not plain error for the district court to do what the federal rules of criminal procedure authorize a court to do. *Escobar*, 909 F.3d at 245.

Further, we have previously held that "the Guidelines authorize the district court to convert seized money into a quantity of drugs." *United States v. Grays*, 638 F.3d 569, 571–72 (8th Cir. 2011) (quoting *United States v. King*, 518 F.3d 571, 575 (8th Cir. 2008)); *see also* U.S.S.G. § 2D1.1, cmt. 5 ("Where . . . the amount [of drugs] seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance."). Therefore the district court did not deviate from a legal rule under our current law. And Schrand has not shown that, even if an error had occurred, such an error affected his substantial rights. Schrand has not shown on appeal how the outcome of the district court's base offense-level calculation would have been altered by a different conversion method.

Because Schrand failed to object to the currency conversion method used in the PSR and the conversion of cash into drug quantities is permissible under our precedent, and since the use of this permissible practice did not affect Schrand's substantial rights, no error was committed. Therefore, we affirm.

_____