# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2328
_____

United States of America

*Plaintiff - Appellee*

v.

Emanuel Moore, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: October 19, 2020
Filed: December 16, 2020
[Unpublished]
_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Appellant Emanuel Moore was a participant, with co-defendants, in an expansive drug conspiracy which spanned three states and involved cocaine, marijuana, and heroin. Moore pled guilty to one count of conspiracy to manufacture, distribute, and possess with intent to distribute at least 100 grams of a mixture and

substance containing heroin and at least 100 kilograms of a mixture and substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846.

After calculating the United States Sentencing Guidelines base offense level, applying various offense level enhancements as well as reducing the offense level for acceptance of responsibility, and applying the applicable criminal history score, the Guidelines range was 262 to 327 months imprisonment. At sentencing, Moore requested a downward variance to 150 to 160 months. After considering the arguments of the parties the district court[1] varied downward and sentenced Moore to 216 months imprisonment to be followed by five years of supervised release. Moore appeals. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Moore asserts on appeal that his sentence is substantively unreasonable, contending that the downward variance granted by the district court is insufficient. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The district court was required to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and "[a] district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Green, 946 F.3d 433, 440 (8th Cir. 2019) (quoting United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009)). Further, where, as here "the district court has sentenced a defendant below the advisory guidelines range, 'it is nearly inconceivable that the court abused its discretion in not varying downward still further.'" United States v. McKanry, 628 F.3d 1010, 1022 (8th Cir. 2011) (quoting United States v. Moore, 581 F.3d 681, 684 (8th Cir. 2009)).

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

Moore makes the single claim on appeal that the district court considered an improper factor by considering the heroin aspect of this drug conspiracy in its sentencing decision. This is an untenable position. The district court is permitted to consider the "nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1). Moore offered no evidence at sentencing and did not object to the Presentence Investigation Report (PSR), which attributed a considerable amount of heroin to him and he understood that the unobjected-to portions of the PSR would be considered as admitted. "A fact in a PSR to which the defendant has not specifically objected is a fact admitted by the defendant." United States v. Abrica-Sanchez, 808 F.3d 330, 334 (8th Cir. 2015) (citation omitted). Further, he agreed that the district court could consider all the evidence it had received in the cases of Moore's co-defendants, including the evidence of the heroin possession and distribution aspect of the drug conspiracy. We conclude that the district court did not consider an improper factor and committed no abuse of discretion in sentencing Moore. See United States v. Woods, 603 F.3d 1037, 1040 (8th Cir. 2010) (affirming sentence where district court considered drug quantity under 18 U.S.C. § 3553(a)).

We affirm the judgment of the district court.

_____